Davenport *et al. v.* Henderson, trustee.

1. Where the declaration alleges a written agreement by one person that he would do certain things, partly for his own benefit and partly for the benefit of the other contracting party, evidence that another person executed such an agreement, imposing the obligation upon himself, for his benefit and that of the other contracting party, is irrelevant and inadmissible.
2. The record for a former suit for different land but predicated upon the same title, which suit was dismissed without any adjudication of the title, is irrelevant.

Simmons, J., not presiding, because of sickness.

January 27, 1890.

Ejectment.   Evidence.   Contracts.   Before Judge Lumpkin.   Morgan superior court.   September term, 1889.

On February 11, 1887, this suit in ejectment was filed, laying demises from Mrs. Mary J. Davenport and her four children, and from Mrs. Davenport and the children separately.   It was for 140 acres of land, the boundaries of which are set forth in the declaration as north by lands of the estate of Elisha Prince, east and south by lands of the estate of L. M. Harwell, west by lands of C. M. Fitzpatrick, and south by lands of the estate of the late Oscar Thomason.   David Adams was the tenant in possession ; and defence was made by John F. Henderson, trustee for the property of R. U. Thomason.   The pleas were, not guilty, and prescriptive possession under deed from the sheriff of the county in which the land lay (Morgan) for more than seven years.  The plaintiffs amended the declaration as follows :

Some time prior to 1876, a *fi. fa.* in favor of A. G. Foster against William Davenport, which was trans-

ferred to J. A. Billups, guardian, being about to be levied upon a tract of land in Morgan county belonging to Davenport, of which the land sued for forms a part, which said land had been previously transferred (homesteaded?) by said Davenport and his wife, Mary J., one of the plaintiffs, being at that time indebted to Oscar Thomason, the father of R. U. Thomason, the defendant, which indebtedness was not such as could be recovered at law as against and out of homestead property, but the lien of said judgment being paramount to said homestead, the same being subject to said *fi. fa.*, the said Thomason being desirous of collecting his debt, and said Davenport being desirous of saving some portion of his land from sale under the *fi. fa.*, entered into a written contract whereby said Thomason agreed that, at the sale of the land under the *fi. fa.*, he would become the purchaser of the entire tract and make title to Davenport or his wife and children, provided he should receive a certain portion of the tract to reimburse him for the amount paid upon the *fi. fa.*, and to pay off and discharge his debts as aforesaid. Under this agreement, the sheriff's sale was had, in order that that portion of the land which Thomason was to take should be relieved of incumbrance of the homestead; and Davenport in good faith carried out and performed his entire part of the agreement, and Thomason had surveyed off the land agreed upon which should go to him in payment of his indebtedness and the amount he paid on the *fi. fa.;* and he went into possession of the same under said agreement, and has so ever since remained by himself and his tenants, one of whom is the said R. U. Thomason, represented by said Henderson, trustee. That which so went into his possession is no part of that sued for. Having fully performed his part of said agreement, said Davenport expected that Thomason would likewise perform his part; but this he has failed and refused to do, as have those under whom he

claims. Under these facts, a perfect equity has ripened in plaintiffs; and they pray that defendant be decreed to make them a title to and surrender possession of the land in dispute, and for general relief.

On the trial, Mrs. Davenport testified that the land in dispute was part of the entire tract consisting of 788 acres, which had at one time belonged to her husband. It was taken from her possession in 1877. She and her children got the rent for it for 1876, in the spring of which year her husband died. The land in dispute is on the left-hand side of the road leading from Madison to Godfrey, She and her children are, and have been ever since before her husband's death, in possession of 175 acres of the 788; they live on it, and it adjoins the land in dispute, but have no deed to it. It is on the same side of the road with the land in dispute; another part of the 788 acres lies on the other side of the road. F. C. Foster testified that he was a member of the law firm of A. G. & F. C. Foster in 1878; that P. R. Thomason brought eject-ment in Morgan superior court to the March term, 1878, against Mrs. Davenport for the 175 acres of land on which she now lives; and that law firm was em-ployed to defend the suit, and for that purpose she gave them an agreement between P. R. Thomason and her husband, signed by P. R. Thomason, concerning the Davenport lands. At the September term, 1878, the ejectment suit was dismissed. The written agree-ment referred to was left in witness's hands, and he has never delivered it to any one; has made repeated and diligent search and cannot find it; does not know its date or contents, except that it concerned the Daven-port land. Another witness testified that he was present when the agreement was written, and knew what its contents were. The whole Davenport place of 788 acres was sold at sheriff's sale on the first Tues-

day in February, 1876; and witness thinks the agree-
ment was made in 1873 or 1875.   He paid the rent for
the land in dispute to Mrs. Davenport in 1876, and the
next year paid it to P. R. Thomason, and continued to
pay him the rent for each year until he got too sick to
look after it, and then paid it to Henderson & Camp-
bell.—The plaintiffs here offered to prove by this wit-
ness the contents of the agreement signed by Thom-
ason; but the court would not allow it, on the ground
that Thomason's agreement could not bind defendants,
they not holding under him but under his son Oscar.

Other testimony was introduced by plaintiffs, tending
to show that P. R. Thomason was the general agent
for his son Oscar, from about 1870 or 1872 until he be-
came Oscar's trustee in 1878 or 1879; frequently bought
a stock of goods for Oscar's store, and gave a general
supervision over his business, looking after the farms,
collecting the rents, etc.   The real defendant in this
case is Oscar's son.   P. R. Thomason went to the sur-
veyor, who had already surveyed the Davenport lands
before the sheriff's sale when the homestead was taken
on it, and wished to have it surveyed again, saying he
did not want it all surveyed but only that portion on
the right of the road leading to Godfrey.   He carried
the surveyor out there, and producing the sheriff's
deed, told him to survey only that portion on the right
of the road, which he did; and some years afterwards
surveyed the land in dispute at the instance of the same
person.   Had surveyed a great deal of lands the title
to which was in Oscar Thomason, but never any at his
instance; was always employed by his father, P. R., who
directed the surveys.   After surveying the land in dis-
pute, made a plat of it and carried the same to the
office in Oscar's store.   At P. R. Thomason's instance,
another witness went with him to look at the Daven-
port land in 1876.   He said, "I own all the land on the

right-hand side of the road, and my farm here is too small; I want to buy Mrs. Davenport's on the left-hand of the road, and want you to tell me what I can afford to give for it. They went over and examined all the land of the original Davenport tract on the left of the road.

It was admitted that a homestead was taken by Davenport in the entire 788 acres; that A. G. Foster held a mortgage *fi. fa.* against the land, founded on contract older than constitution of 1868, which would override the homestead, the *fi. fa.* being for about $1,500; that Foster had it levied April 23, 1873, and in January, 1874, transferred it to Brobston, who on the same day transferred it to Billups; that under Billups' direction and under the old levy the 788 acres were sold, and a sheriff's deed to Oscar Thomason was made February 1, 1876, and the defendant claims under this deed. The record of an action for land in favor of P. R. Thomason, trustee of Usher and Florence Thomason, minor children of Oscar Thomason, deceased, against Mary J. Davenport, brought to the March term, 1878, of Morgan superior court, which was dismissed by plaintiff at the trial term after plea filed, the land sued for being the 175 acres on which Mrs. Davenport now resides and a part of that covered by the sheriff's deed, which was the abstract of title appended to the suit, was offered in evidence and ruled out by the court. It does not appear that defendant offered any testimony.

The jury found for the defendant. The plaintiffs moved for a new trial on the following grounds:

(1-3) Verdict contrary to law and evidence.

(4) Refusal to allow testimony to the contents of the written agreement mentioned in the testimony of F. C. Foster, said contents being alleged to be, that P. R. Thomason had a store account against Wm. Davenport, and could not collect it on account of Davenport's hav-

ing taken a homestead; and agreed with Davenport that when the land went to sale under the Foster *fi. fa.*, he (Thomason) would buy it, and would take all the land on the right of the road leading to Godfrey in payment of the store account and what he had to pay out on account of the *fi. fa.*, and would deed the balance (that on the left of the road) to Davenport's wife and children.

(5) Refusal to allow proof of the contents of P. R. Thomason's written agreement, not upon the ground that its loss was not sufficiently established (defendant admitting that the foundation had been sufficiently laid to allow proof of its contents if relevant), but upon the ground that the proof showed that P. R. Thomason signed the agreement and defendant did not hold under him but under his son Oscar, and that it did not appear that P. R. Thomason in signing acted for his son Oscar as agent or otherwise.

(6) Exclusion of the record of the suit bought by P. R. Thomason against Mrs. Davenport.

The motion was overruled, and plaintiffs excepted.

FOSTER & BUTLER and F. R. WALKER, for plaintiff.

BILLUPS & MUSTIN and McHENRY & McHENRY, for defendant.

BLECKLEY, Chief Justice.

1. The averments in the amendment to the declaration were, that the indebtedness of Davenport was to Oscar Thomason, and that Oscar entered into a written contract whereby he agreed that he would become the purchaser of the land, etc.; and that under this agreement the sheriff's sale was had. The written agreement mentioned in the evidence was not by Oscar, but P. R. Thomason, and the debt embraced in the contents of the agreement was not from Davenport to Oscar, as alleged in the amendment to the declaration, but from

Davenport to P. R. Thomason, and it was not Oscar but P. R. who agreed to purchase the land. It thus appears that the agreement sought to be proved and used as evidence was not the one described in the pleading, but wholly a different one, as to the party executing it, as to the creditor of Davenport for whose benefit in part it was made, and as to the person who was to purchase the land. Moreover, there was no evidence that the sheriff's sale, which took place in 1876 under a levy made in 1873, was made under any agreement whatsoever, or that Oscar Thomason, who was the purchaser at that sale, ever knew of the agreement sought to be proved, or that he ever did or authorized any act in reference thereto. As to the agency of P. R. for Oscar, while it is shown that there was a general agency to manage property, none whatever, either general or special, is shown to purchase land, or to agree upon the terms of purchase. It does not appear that P. R. bid off this land at the sheriff's sale for Oscar, or that he had any agency in paying the money or taking the sheriff's deed. It is entirely consistent with all the evidence received, and with all that which was offered, to treat Oscar as having made the purchase in person, and with no aid or assistance whatever from his managing agent. Under this state of facts, we think the court ruled correctly in excluding the contents of the written agreement (the original being lost) proved to have been executed by P. R. Thomason.

2. This action was defended by Henderson as trustee for the property of R. U. Thomason. It seems to us, as it did to the court below, that the record of a suit for land not embraced in the present action, brought by P. R. Thomason, trustee of Usher and Florence Thomason, minor children of Oscar Thomason, deceased, against Mrs. Davenport, one of the plaintiffs in this action, was wholly irrelevant. That suit resulted in no

adjudication, but was dismissed by the person who brought it. That the sheriff's deed to Oscar Thomason was the basis of that action as well as of the defence in the present case, seems to us quite immaterial, nothing with respect to that deed having been adjudicated.

There was no error in refusing a new trial.

*Judgment affirmed.*