### 10663. McGEE *v.* THE STATE.

LUKE, J. Where, upon the trial of one charged with possessing intoxicating liquors in violation of law, the testimony disclosed that in a barn, of which two persons had equal possession, control, and dominion, liquor was found, and there was nothing more shown than joint occupancy, control, and dominion over the barn, it was error harmful to the defendant, who was away from home at the time of the seizure of the

liquor and denied ownership or knowledge of the presence of the liquor in the barn, for the court, in charging upon circumstantial evidence and possession, power, custody and control over the barn in which the liquor was found, not to allude to the joint occupancy, possession, power, and control of the barn; for one might have power over, custody, and control with another of a house, and yet not know of hidden liquors stored therein. See *Hall* v. *State*, 65 *Ga.* 36 (3); *Shropshire* v. *State*, 69 *Ga.* 273; *Moncrief* v. *State*, 99 *Ga.* 295 (25 S. E. 735); *Lunceford* v. *Mayor &c. of Washington*, 17 *Ga. App.* 730 (88 S. E. 212). For the reasons given the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*
DECIDED OCTOBER 10, 1919.

Indictment for misdemeanor; from Harris superior court— Judge Howard. May 17, 1919.

*J. B. Burnside, T. H. Shanks,* for plaintiff in error.

*C. F. McLaughlin, solicitor,* contra.