### 18232.　GUTHRIE v. THE STATE.

BLOODWORTH, J. 1. This court will not say that the judge of the trial court abused his discretion in overruling the motion for a continuance of the case.

2. For no reason alleged did the court err in allowing the solicitor-general

Criminal Law, 16 C. J. p. 620, n. 66; p. 858, n. 67 New; p. 1146, n. 53; p. 1149, n. 91; p. 1150, n. 93.

to exhibit to each of two witnesses certain bottles "supposed to contain liquor that was alleged to have been purchased from the defendant," and on each of which was pasted certain written memoranda.

3. Certain bottles with figures and. words pasted thereon as follows, "11-3-26 Guthrie. M. C. Sapp." and "·11-3-26 Bought from H. S. Guthrie Paid $5.00 for one half gallon. M. C. Sapp," were admitted in evidence. This is alleged to be error because "of the written statements thereon which were placed on them out of the presence of the defendant, and because they were. prejudicial to the defendant." These bottles were positively identified as those containing whisky bought of the accused, and witness Sapp swore that he put the labels on them. The bottles and their contents were admissible, and there was no motion to have the labels removed before the bottles were sent to the jury. Witness Sapp had testified to everything shown by the labels. Neither the bottles nor the labels thereon were inadmissible for the reasons above assigned.

4. None of the excerpts from the charge of which complaint is made in the special grounds of the motion· show reversible error.

5. The verdict was demanded by the evidence.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JULY 26, 1927. REHEARING DENIED AUGUST 12, 1927.

Selling intoxicating liquor; from city court of Waycross—Judge Crawley. April 2, 1927.

Application for certiorari was denied by the Supreme Court.

*I. J. Bussell, H. W. Wilson, D. M. Parker,* for plaintiff in error.

*W. C. Parker, solicitor,* contra.

ON MOTION FOR REHEARING.

BLOODWORTH, J. A motion for a rehearing was made upon the grounds that the court had overlooked certain principles and decisions relative to the admission of evidence and to the charge of the court. None of these were overlooked. The 5th headnote in this case is: "The verdict was demanded by the evidence." In *Hager* v. *State,* 71 *Ga.* 167, Chief Justice Jackson said: "The evidence is overwhelming that the defendant is guilty, and where such is the case, even errors in the admission or rejection of testimony, or in the charge of the court, will not operate so as to require a new trial." In *Belton* v. *State,* 21 *Ga. App.* 794 (5) .(95 S. E. 299), citing a number of cases to support the proposition, this court held: "Where the evidence demands a verdict, an error in the charge will not require the grant of a new trial." Even should we concede, which we do not, that the court erred in the admission of the evidence complained of and in giving to the jury that portion of the charge discussed in the motion for a

rehearing, it is well settled that before a new trial should be granted because of alleged errors in the trial, not only error but injury must be shown. This has not been done.

*Motion denied. Broyles, C. J., and Luke, J., concur.*