### 18378.  JOHNSON v. THE STATE.

On the trial of one charged with the offense of possessing whisky it was not error to admit evidence that about two months after the date of the offense charged a large quantity of whisky was found at the defendant's place of business; and the court did not err in the instructions given to the jury as to the purpose for which evidence of transactions similar to the offense charged was admissible.
The evidence authorized the conviction of the accused.

DECIDED NOVEMBER 15, 1927.

Certiorari; from Fulton superior court—Judge Humphries. July 9, 1927.

*C. G. Battle,* for plaintiff in error.
*Roy Dorsey, solicitor, Carlton W. Binns, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

LUKE, J.  1.  The defendant was convicted in the criminal court of Atlanta for possessing whisky. He carried his case by certiorari to the superior court of Fulton County, and now excepts to and assigns error on the judgment of the superior court overruling the certiorari. Under all the facts of the case it was not error for the trial judge to admit evidence that on another occasion, about two months after the date of the offense charged, a large quantity of whisky was found at the defendant's place of

Criminal Law, 16 C. J. p. 605, n. 16 New; p. 856, n. 23.

business.  "This evidence was admissible to prove scienter, or guilty knowledge of the accused, and to show his intent or motive under the circumstances." *Terry* v. *State, 36 Ga. App.* 305 (136 S. E. 476), and cit.

2.  Neither did the court err in charging as follows:  "This defendant is on trial in this case for a particular offense charged against him in this accusation, and not on account of any other alleged offense or offenses.  Where knowledge, motive, intent, plan, scheme, design, good or bad faith, or other matters dependent upon a person's state of mind are involved as material elements in the particular offense for which the defendant is on trial, evidence of the defendant's conduct with reference to similar transactions is admissible for the consideration of the jury in so far only as they may tend to illustrate the state of the defendant's mind on the subject involved.  Now, any evidence with reference to other alleged transactions of the defendant should be limited by the jury to a consideration of the state of the defendant's mind with reference to the subject involved in this case, and should not be considered otherwise."

3.  The evidence amply authorized the conviction, and for no reason assigned did the court err in overruling the certiorari.

*Judgment affirmed.  Broyles, C. J., and Bloodworth, J., concur.*