18765.   DANFORTH *v.* THE STATE.

DECIDED MAY 17, 1928.

*W. A. McClellan, T. A. Jacobs Jr.,* for plaintiff in error.
*Roy W. Moore, solicitor,* contra.

PER CURIAM.   The accused was convicted of illegally possessing

intoxicating liquor. The undisputed evidence for the State was that she admitted to the arresting officers that the room in which the whisky was found and the house were hers. It is true that in her statement to the jury she denied this, but the jury evidently disbelieved her, and it was not error for the judge, in the absence of a written request, to fail to charge upon the defendant's contentions as set up solely by her statement. Likewise there was no *evidence* as to any joint occupancy of the room where the whisky was found, that contention also being raised solely by the defendant's statement; and accordingly the failure to charge the law relating to joint occupancy was not error. The charge was without material error, and the finding of the jury was authorized.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur, Luke, J., dissents.*

LUKE, J., dissenting. Ollie Danforth was convicted of possessing whisky; the court overruled her motion for a new trial, based upon the usual general grounds and upon certain exceptions to the charge to the jury; and she excepted to the overruling of the motion. Briefly stated, the evidence for the State is as follows: Upon approaching the rear of the house where the defendant lived, two officers heard a crash, saw a woman run out of the room, and found broken glass and the odor of whisky in the bath tub. The officers then went to the front room of the house, where the defendant was sitting alone, and found a quart jug containing a half pint of whisky, under the bed in that room. The defendant said the room she was in was her room, and that the house was her house. The officers did not know whether or not the first woman seen was the defendant's daughter, but the woman seen by them was grown and had a baby, and the defendant's daughter had a baby. Immediately after the crash this woman ran towards the room where the defendant was, but the officers caught and held her. When the officers entered the room the defendant was sitting down, had no whisky on her person, made no effort to get the whisky under the bed, and made no objection to a search of the room. She said that the whisky found was not hers, and that she knew nothing of it. The officers did not know whether or not the front room was occupied jointly by the two women, or whether or not the house was occupied by these two and a man. One of the officers testified: "Any one else living in the house would have had access to the front room

where we found the half pint of whisky. It could have been put there by any one living in the house, I guess, for the rooms join each other."

The defendant, in her statement at the trial, said that her married daughter occupied the front room with her; that her daughter had a baby, but her husband was not living with her; that the house was not hers, and that she subrented a part of it from one Howard; that she did not tell the officers that the house was hers or that the front room was hers; that any one in the house had access to the front room; that the whisky found was not hers, and that she did not know that any whisky was in the house.

The court charged as follows: "If you believe that whisky was found in the private room of this defendant; that this room was occupied by her as her private, individual room, the law would presume that such whisky so found belonged to her. This presumption is a rebuttable presumption, and if you believe whisky was found in the private, individual room of this defendant, but that it was there without her knowledge or consent, you should acquit her; but if you believe that whisky was found in the private, individual room of the defendant and was her whisky, or if you believe such whisky was in such room with her knowledge, you should convict her."

It will be observed that the most reasonable conclusion to be drawn from the State's evidence is that the house was occupied by the defendant and her daughter, and that the room where the half pint of whisky was found was accessible to any occupant of the house. The defendant stated that her daughter lived in the house, that they occupied the front room together, and that defendant had no whisky and did not know that any was in the house.

It appears from his charge that the judge greatly emphasized the theory that the front room was the "private, individual room" of the defendant, by expressing that idea five times in the short excerpt quoted above, and that he did not instruct the jury as to the law governing joint occupancy. Furthermore, the defendant's only defense finally rested upon the alleged fact that she and her daughter occupied both the house and the room where the whisky was found. Under these circumstances, even in the absence of a request to charge, this being her sole defense, it was, in my opinion, error for the court to fail to charge the law relating to joint

occupancy.  See *McGee* v. *State*, 24 *Ga. App.* 268 (100 S. E. 733) ; *Shropshire* v. *State*, 69 *Ga.* 273 ; *Thornton* v. *State*, 18 *Ga. App.* 744 (90 S. E. 489) ; *Baker* v. *State*, 19 *Ga. App.* 451 (91 S. E. 785) ; *Toney* v. *State*, 30 *Ga. App.* 61 (116 S. E. 549).