### 21346. HODGES *v.* THE STATE.

Decided May 13, 1931.

*Dampier & Watson,* for plaintiff in error.
*J. A. Merritt, solicitor,* contra.

LUKE, J. Having been convicted of possessing intoxicating liquor, Fred Hodges filed his motion for a new trial containing the general and two special grounds. He excepts to the judgment overruling his motion for a new trial.

J. D. Smith testified, that he saw the defendant on or about November 26, 1930, in a certain building in Laurens County, Georgia, and found in a room at the top of a stairway in the building "fifty half-gallon fruit jars of whisky, and fifty pint-bottles of

whisky, and twenty-five gallons of home brew." It does not appear from the evidence that the building was occupied by any one, and the room in which the whisky was found contained, besides the whisky, some trash. There is positive and uncontradicted evidence that the defendant admitted that the whisky was his. The defendant introduced no testimony and made no statement. The evidence sustains the verdict of guilty, and the court did not err in overruling the general grounds of the motion for a new trial.

There is no merit in the ground of the motion for a new trial complaining that the court erred in failing to charge, without request, the law of joint possession.

The only other special ground complains that the court erred in charging the jury that if the defendant, "at any time within two years prior to the filing of this accusation in court, is guilty, in the form and manner charged in the accusation, and if you are convinced of that fact beyond a reasonable doubt, you will be authorized to convict him." The contention is that the court "should have instructed the jury that if they believed from the evidence submitted in the case, or some phrase to that effect, that the defendant was guilty, they would be authorized to convict him." There is no merit in the criticism. Furthermore, the evidence demanded the verdict. See *Guthrie* v. *State,* 37 *Ga. App.* 151, 152 (139 S. E. 157).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*