## 22321. HILL v. THE STATE.

DECIDED SEPTEMBER 1, 1932.

J. Ira Harrelson, Norman DeKrasner, Aaron Friedenberg, J. L. Barwick, for plaintiff in error.

John A. Boykin, solicitor-general, J. W. LeCraw, John H. Hudson, contra.

LUKE, J. ■ The special presentment in this case charges that Alton Hill did "wrongfully, fraudulently, and privately take, steal and carry away, with intent to steal the same, one Ford coach automobile, of the value of $300 and the property of V. L. Manghum." The jury found the defendant guilty, his motion for a new trial was overruled, and he excepted.

V. L. Manghum testified, in substance, that his automobile was stolen from "in front of the Baking Company, . . Fulton

county, Georgia, . . on the 9th day of January, this year;" that said automobile was worth $300; that he got the car about a week later; that the only permission witness ever gave defendant to drive the car was when he was doing work on it as a mechanic; that defendant was not in the habit of taking the automobile without witness's consent; that witness usually left the keys to the automobile with defendant, but that "at this particular time" the keys were in witness's pocket; that after the automobile was missing, and before it was found, witness talked to defendant and he said nothing about the automobile; and that it was after the car was found that defendant told witness that "he used the car and went to see his sick sister."

W. J. Hester swore that the defendant came to his home in Junction City on June 10 in a "model A Ford," and left the car there until Wednesday or Thursday, when certain officers came after it; that the defendant said that the car had been broken and he was afraid to drive it to Atlanta; and that the defendant never expressed any intention of disposing of it. G. L. Hester, son of W. J. Hester, testified in substance that he was a friend of the defendant; that the defendant asked permission to store the car at witness's home, and left it there, saying that he had wrecked his car and had "traded it for the car and gave $96 boot;" and that defendant said that he had been up all night and was afraid to drive the car back to Atlanta, because he might fall asleep. J. A. McKibben testified, in substance, that he was a "city officer;" that he had a report on Manghum's automobile; that he received word from Junction City that a stolen automobile was there; that he saw the defendant and he "readily admitted taking it;" that defendant said he got the keys to the car from the pocket of the automobile, and that the car was stored in Hester's garage; that defendant left a switch key with young Hester, but that it was not a regular Ford key—that "apparently it was a homemade key;" that defendant said he did not bring the car back, because it had a broken axle, but that it was "ready to go now;" and that the axle was not broken.

The substance of the defendant's statement to the jury was that on the evening of January 9, he heard that his sister was sick, and started to go to her by bus, but the bus left him; that he did not know what to do, but thought of Mr. Manghum, who had given him work to do and had loaned him money; that he "knew that it was

not the right thing to do to take the car without his consent;" that Manghum had left his keys in the pocket of the automobile; that he had been up "all night the night before and did not feel like driving the car to Atlanta," and asked Hester to take care of it for him; that the car was out of fix and he did not want to leave it on the road; that when he came back Monday he had a telephone call that Manghum was broken down on the road, and that he, defendant, changed Manghum's battery, but did not say anything about using the car "on account of the time of the day and him being worried;" that on Wednesday he told Manghum about taking his automobile, and offered to pay him for it; and that he had no intention of stealing the car.

The defendant admitted taking the car without Manghum's consent, and stated that he "knew that it was not the right thing to do." His intention was entirely a matter for the jury, and we are satisfied that the verdict is supported by the evidence. We therefore hold that the trial judge did not err in overruling the general grounds of the motion for a new trial.

■ The first special ground (numbered 4), avers that the court erred in failing to charge the jury as follows: "Before you would be authorized to find the defendant guilty, . . it must appear beyond a reasonable doubt that the taking thereof by him was with the felonious intent permanently to deprive the owner of the same (the car) and convert it to his own use." The court charged the law of reasonable doubt and defined larceny in the language of the Penal Code (1910), § 152. The court also charged the jury as follows: "In passing upon the question of intention, of course, it must appear from the circumstances, from the conduct of the defendant, and from the evidence—it must appear beyond a reasonable doubt, that he took the car—that he carried it away manifestly with the intention of stealing it, and that that was his intention." There was no request to charge, and we are satisfied that there is no merit in the ground. Special ground 5 is practically the same as the previous ground, and we hold that it is not meritorious.

■ Special ground 6 avers that the court erred in instructing the jury upon the law of "recent possession." It is contended that "the evidence failed to show that the defendant had exclusive or personal possession of the car." This contention is refuted by both the evidence and the defendant's statement. It is also urged

in this ground that the court erred in failing to charge: "The defendant contends that his possession of the automobile . . was not with the intention of permanently depriving the owner thereof; and if you believe this, his possession of said automobile is explained." Without any request for a more elaborate charge, the instructions given by the court were sufficient. We hold that this ground discloses no reversible error.

In ground 7 the same charge referred to in the previous ground is set out, with this sentence added thereto: "You would have the right to convict on that [recent possession] alone, provided he did not explain his possession to your satisfaction." The gist of this ground appears from counsel's contention that "the law of this State is that the unexplained possession of property recently stolen will not alone authorize a conviction. . ." The rule in such cases is well expressed in *McAfee* v. *State,* 68 *Ga.* 823, in this language: "Possession of stolen goods shortly after the commission of a larceny, if unexplained and unaccounted for, will furnish a basis for a verdict of guilty against the person so found in possession. The nearer the possession to the time of the larceny, the stronger will be the inference of guilt, and the question of the result of the lapse of time is for the jury." The court's charge on recent possession was sufficiently comprehensive and substantially correct, and, in the light of the law, we see no merit in this, the last, special ground.

*Judgment affirmed. Broyles, C. J., and Hooper, J., concur.*