22019.   SAYNE *v.* THE STATE.

Decided September 8, 1932.

*C. G. Battle,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

Luke, J.   The first count of the accusation in this case charges Will, alias Bill, Sayne with having, controlling, and possessing "four pints of whisky in bottles on Piedmont road, said State and County" (Fulton) on January 31, 1931.   The second count charges Sayne with having, etc., "three quarts of whisky in bottles on Piedmont Road, said State and county."

A jury in the criminal court of Atlanta found the defendant guilty under count 1, and the court sentenced him to serve twelve months on the public works.   The exception here is to the judgment of the superior court overruling a certiorari sued out by the defendant.   The questions presented for decision are, (1) whether or not the evidence supports the verdict, and (2) whether or not the court erred in overruling certain special grounds relating to the admission of evidence and the court's charge to the jury.

It appears from the testimony of officer W. M. Riley that, on January 31, 1931, between eight and nine o'clock, he went to the defendant's filling-station and ordered some coca-cola; that witness then asked the negro boy, Dupree Oliver, who served him, if "he had anything stronger;" that this boy went up to Sayne, who "was standing just inside the door," and "said something, and then came back and went north on Piedmont about 150 yards, and came back down directly in front of the filling-station  . .  with a pint of liquor, and I gave him the dollar and he went back to the station."

Dupree Oliver testified in part as follows: "I have worked for Will Sayne . . at his place on Piedmont road. . . About January 31, one Saturday night, . . a man drove up there with a Ford. . . He asked for a pint of liquor—asked me did I know where he could get it. I told him, 'Yes, sir.' I went in and told Mr. Sayne about it, and he told me where to get it. I went and gave the money to him and went on and got the liquor, and about an hour after that Mr. Webb and another police come and got me, and they went on out where I got the liquor and found three more pints. . . It wasn't my liquor. It was Mr. Sayne's liquor. . . Mr. Sayne put the liquor up there where I found it. I went to work for Mr. Sayne in October. . . All during the time I worked out there—this was not the only time that I sold liquor for him. I sold liquor for him every day. I sold it to anybody who wanted it."

The negro, John Samuels, testified, that he was working at the defendant's filling-station on February 21, 1931; that he was caught with four pints of whisky; and that it was the defendant's liquor.

Since it is perfectly apparent that the evidence supports the verdict, we deem it unnecessary to advert to the testimony further in connection with the general grounds.

It is averred that the trial judge erred in allowing officer McCrary, a witness for the State, to testify on direct examination: (1) that on December 4, 1925, he found three quarts of liquor in the defendant's apartment on Spring street, and "thirteen pints down stairs," at a time when the defendant was down stairs and his brother upstairs; that, on April 24, 1926, he saw the defendant and his brother in an automobile which appeared to be broken down, and that there were "eight gallons of whisky in the car;" and that, on April 24, 1930, he went to where the defendant was operating the Davis Highway Garage on Bankhead Avenue and found in and about said garage fifteen pints of liquor. The foregoing testimony was objected to upon the grounds that it "had no relevancy whatever to this charge now being tried;" that it put the defendant's character in issue when he had not first done so himself; and that the 1925 transaction was beyond the statute of limitations.

"On the trial of one charged with illegally selling whisky it is not error to admit evidence to show that the house of the accused

was searched by officers subsequently to the day on which the alleged sale was made, and that bottles of whisky were found therein." *Cole* v. *State*, 120 *Ga.* 485 (48 S. E. 156). In the decision it was said: "This evidence was clearly admissible as a circumstance from which the jury might infer that the accused kept whisky in his house for sale, and therefore to strengthen the testimony given as to the sale charged in the accusation." In *Johnson* v. *State*, 37 *Ga. App.* 331 (140 S. E. 422), it was said: "On the trial of one charged with the offense of possessing whisky it was not error to admit evidence that about two months after the date of the offense charged a large quantity of whisky was found at the defendant's place of business; and the court did not err in the instructions given to the jury as to the purpose for which evidence of transactions similar to the offense charged was admissible." The court in that case quoted as follows from *Terry* v. *State*, 36 *Ga. App.* 305 (136 S. E. 476): "This evidence was admissible to prove scienter, or guilty knowledge of the accused, and to show his intent or motive under the circumstances." In *Cook* v. *State*, 33 *Ga. App.* 571 (4) (127 S. E. 156), this ruling was made: "In a prosecution for having intoxicating liquors, where there is evidence tending to show that the accused repeatedly committed the alleged offense at times within the statute of limitations, additional evidence, tending to show commission of the same offense by the accused at a time not within the statute of limitations is not subject to the objection that it is irrelevant. It is relevant on the question as to intent, and as a circumstance corroborative of the evidence relating to transactions within the statute."

Whether or not the defendant owned the whisky in question, as the negro employees swore, and whether the defendant was implicated in its possession by said employees, were questions to be answered by the jury. Under the authorities cited above, and others which we have not thought it necessary to cite, we are of the opinion that the evidence as to the other transactions was admissible, and so hold.

In the language of this court in *Johnson* v. *State*, supra, "the court did not err in the instructions given to the jury as to the purpose for which evidence of transactions similar to the offense charged was admissible." The main criticism of the charge in this

regard was that it unduly emphasized the testimony given as to other like offenses.

It is next averred that the court erred in allowing in evidence "the written accusations numbered respectively 77, 386, and 78, 023, as testified to by witness McCrary; these cases having been disposed of five to six years prior to this trial." The evidence referred to not being set forth in the ground either literally or in substance, or attached to the motion as an exhibit, the assignment is not in proper form for consideration by this court.

*Judgment affirmed. Broyles, C. J., and Hooper, J., concur.*