23191. TURNER *v.* THE STATE.

GUERRY, J. 1. The court did not err in failing to charge the law relative to joint occupancy of premises, there being no request so to charge and such issue being raised by the defendant's statement alone, and the ver-

dict rendered not being dependent on circumstantial evidence. *Hodges* v. *State*, 43 *Ga. App.* 329 (158 S. E. 611); *Keen* v. *State*, 43 *Ga. App.* 331 (158 S. E. 611); *Danforth* v. *State*, 38 *Ga. App.* 210 (143 S. E. 437).

2. There is no merit in the 3d and 4th special grounds of the motion for a new trial. The court fully covered the law in the charge as a whole.

3. The objections raised in grounds 5, 6, and 7, relative to evidence discovered by a search of the premises without a search warrant, have so often been passed on adversely to the contentions of the plaintiff in error as to need no discussion. *Calhoun* v. *State*, 144 *Ga.* 679 (87 S. E. 893); *Cook* v. *State*, 33 *Ga. App.* 571 (127 S. E. 156).

4. Evidence of possession of whisky at other times, even subsequent to indictment, and of a still in close proximity to the defendant's house, was admissible as a circumstance to be considered by the jury. *Sayne* v. *State*, 45 *Ga. App.* 538 (165 S. E. 485); *Johnson* v. *State*, 37 *Ga. App.* 331 (140 S. E. 422); *Cook* v. *State*, supra.

5. The alleged newly discovered evidence is too indefinite in its character, and, if true, is but a circumstance, which in the light of the other circumstances and the admission of the defendant on trial, would not have made reasonably possible a different result.

6. The evidence supports the verdict, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED JULY 7, 1933. REHEARING DENIED JULY 21, 1933.

*Hugh E. Combs, C. D. Colley,* for plaintiff in error.
*M. L. Felts, J. Cecil Davis, solicitors-general,* contra.