#### 25505. Guthas v. The State.

(Guerry, J. 1. An indictment which charges that the defendant did "keep, maintain, employ, and carry on a lottery, the same being a scheme or device for the hazarding of money, by selling tickets which represented chances on prizes in lottery, known and designated as the 'number game,'" is legally sufficient without specifying or describing with more particularity how such game was operated. *Kolshorn* v. *State*, 97 *Ga.* 343 (23 S. E. 829). The indictment was not subject to the demurrer.

2. Evidence for the State disclosed the discovery, by officers, of some 2000 tickets in the home of the defendant, which represented chances in a described lottery, all dated November 8 (the day before their discovery and defendant's arrest), and written in various handwritings. The defendant denied any knowledge of these tickets. After the State had rested its case, the court allowed the introduction of evidence showing the defendant's arrest about six months before, and his possession at that time of lottery tickets of the kind and character found in his home. To show that the defendant, about six months before the occasion in question, was arrested for possessing lottery tickets of the same kind and character as those found in his home, tended to discredit the probability that the tickets did not belong to him and had been placed there by some one else without his knowledge. Under repeated rulings of this court and the Supreme Court, the judge did not err in allowing this evidence to go before the jury. *Crawford* v. *State*, 49 *Ga. App.* 801 (4) (176 S. E. 92); *Sayne* v. *State*, 45 *Ga. App.* 538 (165 S. E. 485); *Johnson* v. *State*, 37 *Ga. App.* 331 (140 S. E. 422); *Turner* v. *State*, 47 *Ga. App.* 192 (169 S. E. 733); *Jones* v. *State*, 32 *Ga. App.* 7 (122 S. E. 738); *Cole* v. *State*, 120 *Ga.* 485 (48 S. E. 156); *Mays* v. *State*, 47 *Ga. App.* 55 (169 S. E. 683), and cit.

3. It is within the sound discretion of the judge to permit a case to be reopened by the State, at any stage of the trial, for the purpose of introducing new evidence; and it does not appear that that discretion was abused in the present case. *Smith* v. *State*, 15 *Ga. App.* 713 (84 S. E. 159), and cit.

4. The evidence for the State disclosed that the particular scheme for the hazarding of money, the carrying on of which the defendant was charged in the indictment, required in its operation more than one person. The witnesses told of those that must sell the tickets or chances, those that

must pick them up and carry them to "headquarters," known as "pick-up" men, and those that must work at "headquarters" in adding up and assorting the tickets. The crime for which the defendant was indicted being a misdemeanor, under the above evidence the judge did not err in charging the jury that a crime of this character might be committed by various persons performing different acts, and that any person performing any act in connection therewith was guilty as a principal.

5. The remaining assignments of error are plainly without merit.

6. The evidence was sufficient to exclude every reasonable hypothesis save the guilt of the accused.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*
DECIDED SEPTEMBER 12, 1936. REHEARING DENIED OCTOBER 14, 1936.

*Marvin G. Russell, William Walker Cowles,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.