The evidence, being wholly circumstantial, is insufficient, as a matter of law, to sustain the verdict.
 DECIDED JANUARY 17, 1945.
Mrs. J. E. Carr and her husband were indicted for larceny. A verdict of guilty was returned against Mrs. Carr, and one of not guilty against her husband. Mrs. Carr filed a motion for a new *Page 9 
trial on the general grounds. The motion was overruled, and she brings the case here, assigning error on that judgment.
We deem it unnecessary to set out the evidence in detail, but briefly and substantially it shows that Mrs. Watkins and her husband visited a grocery store for the purpose of making certain purchases; that as they entered the store Mr. Watkins handed his wife a purse containing $262, which she placed in her handbag, went into the store, and made certain purchases, after which she placed the handbag on a counter or table in the store and went outside to purchase some cantaloupes, leaving the handbag inside the store, and that when she returned she discovered that the purse was missing from the handbag; that the time consumed from the time she entered the store to the time she missed the purse was twenty-five or thirty minutes; that she had her handbag on her person with the exception of the time she went for the cantaloupes; that about fifteen minutes after Mrs. Watkins entered the store Mrs. Carr and her husband came into the store for the purpose of making certain purchases, Mrs. Carr having been a customer for over a year. The evidence further reveals that after making some purchases, and before Mrs. Watkins discovered that her money was gone, Mrs. Carr and her husband, with a clerk, went to an adjoining feed store to arrange for the purchase of chicken feed. When they returned to the grocery department, they were asked if they knew anything concerning Mrs. Watkins's money. A search was made by all of those in the store, and Mrs. Carr made inquiry of Mrs. Watkins whether the money could have been dropped in the bags or boxes, or if she could have put it in the pocket of her dress. Soon thereafter Mrs. Carr asked the proprietor of the store to wait on her, as she had to go home. It was then very nearly dark. The proprietor waited on her and she and her husband left, forgetting a loaf of bread which they had purchased, and for which they later returned. The proprietor did not recall whether any other persons came in the store between the time Mrs. Watkins entered and the time she missed her purse except Mr. and Mrs. Carr and a negro boy, about eight or nine years old, who came in and made some purchases.
The prosecutrix, Mrs. Watkins, testified that between the time she entered the store and the time she went out to look at the cantaloupes "several people came in and went out during that *Page 10 
time but I had my purse in my lap." And further: "I didn't see but one colored boy." She further testified that when she laid her handbag in the back of the store Mrs. Carr and her husband were standing about middle ways the store (the store was about fifteen feet square), and that when she returned and went to get her handbag Mrs. Carr was standing "backed right up in front of it, and he was standing right beside her." It further appears more specifically from Mrs. Watkins's testimony that after some search had been made and after the conversation between her and Mrs. Carr, Mrs. Carr rushed off after she got her groceries. On the night the money was missed the Carr's residence was searched and the officers found twenty-five five-dollar bills and one one-dollar bill in a dresser drawer. While the officers were searching, the accused procured her Bible and stated that she went by that book and that she did not steal the money — that the money the officers found was money she and her husband had saved from time to time. The money found had no particular marks or creases identifying it with any of the money in the purse of the prosecutrix. The $262 contained in the purse of the prosecutrix was in the following denominations: Five twenty-dollar bills, three ten-dollar bills, twenty-six five-dollar bills, and two one-dollar bills. The proprietor of the store was sworn. The negro boy was also sworn and testified that he did not get the money out of the purse. Mrs. Carr denied any knowledge of the money which was lost, and in addition introduced a number of witnesses who testified as to her good character, particularly as to her religious convictions and religious work. This evidence, while not in minute detail, substantially covers the evidence in the case.
It will be seen that the evidence is wholly circumstantial. The money seized by the officers under the search warrant did not bear any kinds of marks or creases, according to the sheriff's testimony, to even remotely connect it with that lost by the prosecutrix. The search was made not very long after the money was lost, although the evidence does not show the time. In our opinion, the evidence, at best, points a finger of suspicion only, if indeed it does not point with equal credibility the same finger to other occupants of the store during the time the prosecutrix *Page 11 
was in the store and lost her money. The evidence is not sufficient to sustain the hypothesis of guilt of the accused and to exclude every other reasonable hypothesis save that of her guilt. To do so it must not only be consistent with her guilt, but must also be inconsistent with her innocence. The evidence does not measure up to this standard, and the court erred in overruling the motion for a new trial.
Judgment reversed. Broyles, C. J., and MacIntyre, J.,concur.