41388.   STEWART v. THE STATE.

Submitted July 7, 1965—Decided September 8, 1965.

*Hancock & Wilbanks, W. P. Wilbanks, Jr.,* for plaintiff in error.

*Reid Merritt, Solicitor General,* contra.

EBERHARDT, Judge. ■ The accused in special ground 4 of his amended motion for new trial, contends that the court erred in "allowing the solicitor to reopen the evidence after both sides had closed, and produce additional testimony" as to value of the property. This was a matter of discretion on the part of the court, which does not appear to have been abused. *Guthas v. State,* 54 Ga. App. 217 (3) (187 SE 847); *Smith v. State,* 15 Ga. App. 713 (84 SE 159).

■ Special ground 5 of the amended motion "contends that the court erred in failing to fully charge the jury as to the law of intent to steal. . ." Included in the charge to the jury was the following: "Now I charge you, Gentlemen of the Jury, that a crime or misdemeanor shall consist in a violation of a public law, in the commission of which there shall be a union or joint operation of act and intention. . . Intention shall be manifested by the circumstances connected with the perpetration of the offense, and the sound mind and discretion of the person accused. . . Simple theft or larceny is the wrongful and fraudulent taking and carrying away, by any person of the personal goods of another with the intent to steal the same." No further charge as to intent to steal was required in the absence of a request. *Hill v. State,* 45 Ga. App. 571 (165 SE 482).

■ The trial court erred in overruling the defendant's motion for new trial on the general grounds as the State's case did not meet the test as set out in *Code* § 38-109. See *Goss v. State,* 82 Ga. App. 533, 534 (61 SE2d 570); *Carr v. State,* 72 Ga. App. 8, 11 (32 SE2d 914).

*Judgment reversed. Nichols, P. J., and Pannell, J., concur.*