### 41577. NESBIT v. THE STATE.

EBERHARDT, Judge. 1. Where the prosecutrix resided in Lee County, but went to a hospital in Dougherty County where her child was born and upon dismission from the hospital took the child back to her residence in Lee County and remained there, and the defendant, the putative father, at no

time supported or contributed to the support of the child, venue of a prosecution for abandonment was properly laid in Lee County. Mere temporary absence from that county during the lying-in period at the hospital does not require a finding that the offense was committed in the county where the hospital was located rather than in the county where the prosecutrix and her child resided. *Bradley v. State*, 52 Ga. App. 203 (182 SE 821).

2. There was no error in permitting the child involved to sit with its mother at the State's counsel table after conclusion of the evidence and arguments of counsel. That the defendant denied paternity of the child as a basis of his defense does not require a different holding. Compare *Hunt v. State*, 101 Ga. App. 126 (112 SE2d 817); *Posey v. State*, 46 Ga. App. 290 (167 SE 340); *Sims v. State*, 16 Ga. App. 211 (84 SE 976).

If it had been error, the defendant is not in position to urge it, for his counsel, in the concluding portion of his argument just prior to the noon recess of the court, called attention to the absence of the child in the court and turning to State's counsel asked of them why the child had not been present at the trial and where it was being kept. It was upon the reconvening of court after the noon recess that the mother brought the child with her to the counsel table, apparently in response to the query of defendant's counsel. One cannot complain of error which he invited. *Meyers v. State*, 169 Ga. 468, 479 (151 SE 34). He must stand or fall upon a position taken in open court. *Kenimer v. Ward Wight Realty Co.*, 219 Ga. 275 (133 SE2d 18). When the child was brought into the courtroom defendant's counsel objected on the ground that "it was illegal additional evidence to exhibit to the jury the child after the case was closed and after argument of counsel to the jury," and it is now urged that the defendant was deprived of an opportunity to cross examine the prosecutrix concerning anything about the child, or to rebut the same. No request was made of the court to reopen the case for that purpose.[1] This contention is without merit.

---

[1] The grant or denial of which rests within the sound discretion of the court. *Smith v. State*, 15 Ga. App. 713 (3) (84 SE 159); *Guthas v. State*, 54 Ga. App. 217 (3) (187 SE 847); *Stewart v. State*, 112 Ga. App. 193 (144 SE2d 561).

3. Though the defendant denied that he was the father of the child, there was ample evidence upon which the jury was authorized to reach a contrary conclusion. The general grounds are without merit.

*Judgment affirmed.* *Nichols, P. J., and Pannell, J., concur.*

ARGUED OCTOBER 5, 1965—DECIDED OCTOBER 15, 1965.

*E. Louis Adams,* for appellant.

*Charles Burgamy, Solicitor General, Jesse W. Walters,* for appellee.