## 60162. MASON v. THE STATE.

SOGNIER, Judge.

On December 3, 1978 appellant was riding around in his car; about 10:30 a.m. he saw Roy Duff on the street and picked him up. Duff testified that he had two pints of "white" liquor from which they drank while riding around all day. About 9:00 or 9:30 p.m. they stopped at the home of Price Tolbert, who joined the two men in the car. They continued to ride around with appellant driving the car, and also continued drinking the whiskey as well as drinking a six pack of beer. At one point the car got stuck in the mud by the side of a road. Because they had been drinking, Tolbert and appellant went into some woods, where they remained until the car was pulled out of the mud by a wrecker; Duff remained with the car waiting for the wrecker. Duff testified that he paid for the wrecker and thereafter

Tolbert and appellant returned to the car; appellant resumed driving. Around 11:00 p.m. the car was travelling down Oak Grove Road; as it approached Route 19, Duff testified that appellant did not stop at the stop sign (a T intersection) but drove straight across Route 19 and off an almost vertical embankment. The car came to rest on its top about 50 feet down the embankment. When emergency medical personnel arrived appellant was standing beside the road on Route 19, Duff was pinned in the car and Tolbert, who was also in the car, was dead. At the time of the accident it was foggy with intermittent rain and mist.

Appellant testified that he drank no whiskey during the day, had only one beer and had opened a second beer when the car got stuck in the mud. Appellant testified that he did not return to his car after it was freed, but was walking to a friend's house to get a ride home when he was picked up by Louis Densmore. As they were driving down Oak Grove Road toward Route 19, appellant saw his car in front of him and saw it go off the embankment. Appellant testified that he then sent Densmore for medical help and waited at the scene until police officials and medical emergency teams arrived. Densmore testified that he did not pick up appellant and was never at the scene of the accident. After remaining at the scene for quite a while and talking to some of the police officers present, appellant departed. He was arrested the following afternoon on a warrant charging him with vehicular homicide in the first degree.

1. Based on the evidence related above, Mason was convicted of vehicular homicide in the second degree. He appeals on the general grounds, and also enumerates as error the trial court's denial of his motion for a directed verdict. This court passes on the sufficiency of the evidence, not its weight, which was considered by the jury, *Dillard v. State,* 147 Ga. App. 587, 588 (249 SE2d 640) (1978) and we find that a rational trier of fact could find from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920) (1979). Hence, these enumerations are without merit.

2. Appellant contends that the trial court erred by allowing a state trooper to give his opinion that neither Duff nor Tolbert was the driver of the car at the time of the accident, when such opinion was based on hearsay evidence. The trial court agreed that the trooper could not state an opinion based on what someone told him, and instructed the jury to disregard such testimony. Thereafter appellant excepted to the cautionary instruction, but did not request a clarifying instruction or move for a mistrial. Thus, there is nothing for us to review on appeal. *McCormick v. State,* 152 Ga. App. 14, 15 (2) (262 SE2d 173) (1979). Merely objecting on the basis that counsel

does not believe the instruction is adequate is too vague to raise an issue for review. *McCormick, supra.*

3. During the trial the prosecuting attorney made reference, over objection, to a hearing on a motion for continuance. The court sustained appellant's objection to this reference and instructed the jury to disregard the prosecutor's statement. Thereafter, the state cross-examined appellant about his testimony at this hearing in an effort to impeach him. When appellant was asked who caused a certain witness to be arrested appellant again objected. The court then instructed the jury that such testimony was allowed for the limited purpose of considering whether the witness had been pressured [concerning his testimony]. Appellant made no further objection, so there is nothing for this court to review. *Sides v. State,* 213 Ga. 482, 488 (5) (99 SE2d 884) (1957).

4. Appellant next objects to a portion of the court's charge to the jury. However, appellant requested the charge as given by the court, and it is well settled that a defendant cannot invoke a charge and then complain that the court erred in giving such a charge. *Meyers v. State,* 169 Ga. 468, 479 (151 SE 34) (1929); *Noxon Rug Mills, Inc. v. Smith,* 220 Ga. 291, 293 (138 SE2d 569) (1964); *Nesbit v. State,* 112 Ga. App. 464, 465 (2) (145 SE2d 662) (1965).

5. Appellant contends the trial court erred in admitting State's Exhibit 4 and allowing the state to impeach its own witness. Exhibit 4 was never offered or admitted in evidence by the state. As to the state's impeaching its own witness, such a procedure is authorized by Code Ann. § 38-1801. The state made a showing as required that it was entrapped by allowing the court to examine a written statement made by the witness which was contrary to what the witness was testifying to for the state. Thus, it was proper to allow the state to impeach its witness. *Wisdom v. State,* 234 Ga. 650, 655 (217 SE2d 244) (1975); *Wilson v. State,* 235 Ga. 470, 475 (1) (219 SE2d 756) (1975).

There is no merit to the remaining enumeration.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

ARGUED JULY 7, 1980 — DECIDED SEPTEMBER 18, 1980 — REHEARING DENIED OCTOBER 6, 1980 —

*Maylon K. London,* for appellant.

*Jeff C. Wayne, District Attorney, Bruce L. Udolf, Assistant District Attorney,* for appellee.