CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF GEORGIA

AT THE

# OCTOBER TERM, 1895.

KOLSHORN, *v.* THE STATE.

97 343
f112 22

*Simmons, C. J.*—1. An indictment which charged that the accused "did unlawfully keep, maintain, employ and carry on a certain scheme and device for the hazarding of money or other valuable thing, said scheme and device being called and known as a nickel-in-the-slot machine," was legally sufficient without specifying the manner in which the machine was operated.

2. Where it appeared from the evidence that the accused kept and maintained a machine so contrived that if one dropped a nickel in a slot therein he would either lose the nickel or win fifteen cents, and that the object and purpose of the accused in keeping and maintaining the machine was to win money in this manner, he was guilty of violating section 4549(b) of the code; and the court did not err in so charging the jury.

3. Such a machine cannot be lawfully treated as one kept "for amusement only," nor was the keeping and maintaining of it properly indictable under section 4538 of the code, as amended by the act of 1885 (Acts 1884-5, p. 59), which relates to the keeping of gaming houses or rooms where other persons than the proprietor "come together and play for money or any other valuable thing" at a game of cards or "other game or device for the hazarding of money or other thing of value."

4. The evidence demanded a verdict of guilty on the second count, and there was no error at the trial.        *Judgment affirmed.*
    October 21, 1895.

Indictment for misdemeanor.    Before Judge MacDonell.    City court of Savannah.    May term, 1895.

There were two counts, the first charging that the defendant did unlawfully keep, maintain, employ and carry

on a certain lottery known and called a nickel-in-the-slot machine. The second was in the language stated in the first head-note. The defendant was acquitted on the first, and convicted on the second count; and his motion for a new trial was overruled. He excepted to this ruling, and to the overruling of his demurrer to the indictment. It appeared, that he kept and maintained at his saloon a machine a part of which he kept loaded with nickels, and any one coming into the saloon could drop a nickel in the slot of the machine and press a plunger at the top; that the nickel so dropped in would fall, and by the contrivance or arrangement of certain springs and pegs inside it might fall into certain compartments and nothing would come out, whereby the nickel dropped in would be lost to the person playing, or by chance it might fall into some other compartment, whereby three of the nickels with which the machine was loaded would drop out and be thus won by the player; and that persons were in the habit of coming into the saloon and so playing and hazarding money.

*William R. Leaken,* for plaintiff in error.
*W. W. Fraser, solicitor-general,* contra.