### 4389. WILLIAMS *v.* THE STATE.

1. Where, to relieve an accusation from the bar of the statute of limitations, a fact constituting an exception to the statute is alleged, the burden is on the State to prove the exception.

(*a*) Where, from an accusation charging a misdemeanor, alleged to have been committed by defrauding a certain corporation, it appeared that the offense was committed more than two years before the date of the accusation, and it was alleged that the offense was unknown to the corporation until within the two years preceding the date of the accusation, the burden was upon the State to show that the offense was unknown until within that period to any of those officers or agents of the corporation whose knowledge would be imputable to it.

2. Where, in an accusation charging the offense of cheating and swindling, it was averred that the offense was committed by representing that the accused owned a certain "bay horse mule," "named Jim," and that the said mule was unincumbered, when in fact the mule did not belong to him, but "was held by one S. S. Brewer under a certain bill of sale," it was error to allow the State to introduce in evidence, over the objection of the accused, an instrument showing title in "S. S. Brewer

& Settle" to a mule described therein as a "black horse mule . . known as the 'Hill mule.'"

3. Evidence that a mortgage on personal property was filed for record and recorded in Elbert county was not sufficient to dispense with proof of execution of the mortgage, where it appeared without contradiction that the mortgagor resided in Wilkes county.

4. The court did not err in giving in charge to the jury section 719 of the Penal Code.

DECIDED AUGUST 30, 1913.

·Accusation of misdemeanor; from city court of Elberton—Judge Grogan. August 23, 1912.

*Z. B. Rogers,* for plaintiff in error.

*Boozer Payne, solicitor,* contra.

RUSSELL, J. Lewis Williams was accused· in the city court of Elberton of the offense of cheating and swindling, and was con-victed.· The accusation charged that he represented to M. E. Max-well & Company, a corporation, that he owned a certain mule, and that it was unincumbered, when in truth and in fact the mule did not belong to him, but "was held by one S. S. Brewer under a ·certain bill of sale." It was further alleged in the accusation that the crime was committed on March 16, 1909, but was unknown to the said M. E. Maxwell & Company until April 1, 1911. The ac-·cusation was dated November 7, 1911. The defendant moved for a new trial upon the grounds, (1) that the verdict was contrary₋to the evidence and without evidence to support it; (2) that it was ·contrary to law; (3) that the court erred in admitting in evidence a "retainer of title and mortgage note," executed by the defendant to S. S. Brewer & Settle, which instrument retained title and ownership in said S. S. Brewer & Settle to one black horse mule, about six years old, weighing about 1,000 lbs. and known as the "Hill mule;" (4) that the court erred in admitting in evidence, a mortgage given by the defendant to M. E. Maxwell & Company, which was not recorded in Wilkes county, although it was not dis-puted that the defendant was living in Wilkes county at the time of the execution of the mortgage and ever since; (5) that the court erred in giving in charge to the jury section 719 of the Penal Code. The determination of the question as to whether the verdict is con-trary to the evidence and contrary to law depends upon a considera-tion of the assignments of error relating to the admissibility of the testimony to which the movant objected; and for this reason. we

shall consider these grounds together. It is necessary to pass upon these assignments of error, in view of the fact that we feel constrained to grant another trial, but we shall deal first with the assignment of error which requires us to give the case that direction.

1. The State failed to prove that the alleged offense was not barred by the statute of limitations. In the accusation it is alleged that the false representations which the defendant was charged with making were made on March 16, 1909. The accusation was not preferred until November 7, 1911. To prevent the bar of the statute of limitations and to bring the case within one of the statutory exceptions (Penal Code, § 30), the accusation further alleged that the offense set out was unknown to said M. E. Maxwell & Company until April 1, 1911. Where, to relieve an indictment from the bar of the statute of limitations, such an exception is alleged, the burden is on the State to prove the exception. *Flint* v. *State,* 12 *Ga. App.* 169 (76 S. E. 1032) ; *Cohen* v. *State,* 2 *Ga. App.* 689 (59 S. E. 4). In *Mangham* v. *State,* 11 *Ga. App.* 427, 438 (75 S. E. 512), this court was dealing with a presentment, a proceeding in which there is no prosecutor, and moreover the point was not controlling upon the decision. The proof showed that M. E. Maxwell & Company is a corporation. M. E. Maxwell testified that he did not know of the offense "until the spring of 1911," and Sisk testified to the same effect. But the evidence did not disclose that either Maxwell or Sisk was an officer of the corporation through whom knowledge would be imputed to the corporation, or was an officer of the corporation at all. The proof does not show that there were not other officers of the corporation, or that the officers did not know, for a period of more than two years before the filing of the accusation, that the alleged offense had been committed. Presumably the corporation had officers. If the commission of the offenses was known to them, their knowledge must be imputed to the corporation, the exception is not proved, and the offense is barred. Unless the prosecutor was the only person interested in the offense, proof that it was unknown to him would not suffice to relieve the bar of the statute of limitations and bring the case within the exception; and so, where it affirmatively appears that a corporation is the party defrauded and the party interested in the prosecution, the State does not carry the burden resting upon it, unless it is affirmatively made to appear

that none of those officers whose knowledge may be imputed to the corporation knew of the commission of the offense for a period of time exceeding two years prior to the commencement of the prosecution. In other words, it must appear that the prosecution was begun within less than two years from the time that knowledge of the commission of the offense was brought home to any single officer of the corporation whose personal knowledge, due to his relation, could be imputed to the corporation. The State having failed to bring the case within the exceptions set out in section 30 of the Penal Code, the verdict was contrary to law.

2. The court erred in admitting in evidence the note and mortgage retaining title in S. S. Brewer & Settle. The accusation charged that the defendant's statement, that the mule was unincumbered, which was made with the intent to deceive and defraud M. E. Maxwell & Company, was not true because "the aforesaid mule did not then and there belong to Lewis Williams, but was held by one S. S. Brewer under a certain bill of sale." This was a material allegation, and even if the note with retainer of title had been admitted without objection, there would be a fatal variance between the allegata and the probata. Even in a civil case proof that title to property rested in a partnership would not be admitted to sustain an allegation of individual ownership. *Commercial Bank* v. *Tucker,* 94 *Ga.* 289 (21 S. E. 507); *Davenport* v. *Henderson,* 84 *Ga.* 313 (10 S. E. 920); *East Tennessee, Virginia & Georgia R. Co.* v. *Herrman,* 82 *Ga.* 385 (17 S. E. 344). Certainly in a criminal case there should be no greater laxity than in a civil proceeding.

Without regard to this, however, the document the introduction of which was permitted by the court should not have been admitted, because the accusation alleged that the defendant represented that he owned "a certain bay horse mule about six years old, weighing about 900 or 1,000 lbs., named 'Jim,' and that said mule was unincumbered," whereas, in the note or mortgage admitted by the court, S. S. Brewer & Settle retained title and ownership in a "*black* horse mule, about six years old," "built on blocky order," and known as the "Hill mule." Omitting other points of difference, it is plain that the same mule can not be properly described as a bay mule and at the same time be a black mule. The able counsel for the State very frankly and properly

concedes that if the allegation as to Brewer's ownership can not be treated as surplusage, then there is a fatal variance between the allegata and the probata, and the conviction can not be sustained. There are many descriptive averments which could be omitted from an accusation, which, when made, become material and must be proved as laid. In the present case it might have been sufficient to allege that the defendant falsely stated to M. E. Maxwell & Company that his ownership in the mule was unincumbered, whereas in truth and in fact he did not own the mule, or his title was incumbered. It is doubtful, however, if such an allegation would have put the defendant sufficiently on notice of the charge against him to have enabled him to prepare his defense; but when the State alleged that his statement was untrue because the said mule "was held by one S. S. Brewer under a certain bill of sale," this allegation became the crux of the case. It appears from the record that but for the prior lien of S. S. Brewer & Settle, M. E. Maxwell & Company might be able to collect the sum of $69.02 by a sale of the mule, but that, due to the priority of that lien, the Maxwell & Company corporation is unable to enforce collection of its debt, and therefore is subject to loss, and is defrauded. In *Fulford* v. *State, 50 Ga.* 591, and many later decisions, it is said that if the entire averment of which the descriptive matter is a part may be omitted, or can be rejected as surplusage, the descriptive matter falls with it and need not be proved; also, "if any unnecessary averments, disconnected with the circumstances which constitute the stated crime, be introduced, they need not be proved, but may be rejected as surplusage." In Joyce on Indictments, § 359, the author says: "The names of third persons who are collaterally connected with the offense, and whose identity is not essential to such a description thereof as is necessary to properly inform the accused of the nature and cause of the accusation against him, need not be stated." Under this rule it has been held that in an indictment for betting at cards, the names of participants other than the defendant need not be given; and in an indictment for selling intoxicating liquors, the person to whom the sale is alleged to have been made need not be named; and in an indictment for resisting an officer who is taking a prisoner to jail, it is not necessary to name the prisoner who is being carried. Many

examples of like kind might be given, but, although it might have been unnecessary in the first instance to have named the person who held the retainer of title, we do not think that the averment can for that reason alone be treated as surplusage. An averment which may become material because it is incorporated as a part of the charge must be descriptive of an essential element of the crime; and we think this is the case in the present instance. According to the allegation of the accusation, the defendant's representation that he was the owner of the mule was false because the mule was the property of S. S. Brewer.

3. The facts with relation to the introduction of the mortgage given by the defendant to M. E. Maxwell & Company on March 16, 1909, as certified by the trial judge, are as follows: The defendant objected when the mortgage was tendered in evidence, upon the ground that its execution had not been proved. The mortgage gave evidence of having been recorded January 29, 1912, in the clerk's office of the superior court of Elbert county. When the defendant objected the State's counsel replied that the mortgage had been recorded, and thereupon the objection was withdrawn. It does not appear that at this time the defendant's counsel saw the mortgage itself or examined the entry of record, but when he started to argue the case he moved that the court rule the mortgage out of the evidence because, the defendant having resided at that time and ever afterward in Wilkes county, and not in Elbert county, the mortgage was not entitled to record in Elbert county; and therefore it was not admissible without proof of its execution by the subscribing witness. The court overruled this motion, and exception was taken to this ruling. The evidence is undisputed that the defendant had never lived in Elbert county, and that at the time of the execution of the mortgage to Maxwell & Company, as well as since, he lived in Wilkes county; and of course the code requires that mortgages on personalty be recorded in the county of the residence of the mortgagor. Evidence of recordation sufficient to dispense with proof of execution of a mortgage to personalty must be proof that the mortgage was recorded in the county of the mortgagor's residence. But since the execution of a writing may be proved by the admissions of the person who signed it, and there is some evidence in regard to admissions made by the defendant to the effect that he made a mort-

gage to M. E. Maxwell & Company which may be inferred to be
the same as the paper introduced in evidence, we are not pre-
pared to hold that the judge erred in submitting to the jury the
question as to whether the execution of the mortgage was suffi-
ciently proved by these admissions of the defendant himself.   The
motion of the defendant's counsel, under the circumstances, did
not come too late; for it is apparent, by the statement of the State's
counsel, he was intentionally misled, and it was not too late for
the State to ask that the case be reopened and that proof of the
execution of the mortgage be permitted.   But in view of the testi-
mony in regard to the admissions by the defendant that he executed
a mortgage to M. E. Maxwell & Company, and there being no
hint that he ever made more than one mortgage to this corpora-
tion, it does not appear that the defendant was hurt by the ruling.

4.   The court did not err in charging the jury in the terms of
section 719 of the Penal Code that "'any person using any deceitful
means or artful practice, other than those which are [specifically]
mentioned in this code, by which an individual or a firm, or a cor-
poration, or the public is defrauded and cheated,' is [guilty of]
a misdemeanor under our law," upon the ground, as assigned, that
the provisions of section 719 are inapplicable to the accusation.
The prosecution was not based upon the provisions of section 703,
for the alleged representation of the defendant was confined solely
to the ownership of a certain mule, and did not relate generally to
his "respectability, wealth, or mercantile correspondence and con-
nections."   This is conceded by counsel for the plaintiff in error.
Counsel insists, however, that the accusation, if it sets out any
offense, charged the offense defined in section 713 of the Penal
Code.   We can not concur in this view; for that section relates
specifically to the subject of giving false information by one who
is interrogated as to the facts, and it does not appear from the
accusation in this case that the accused was interrogated as to
whether there was a lien upon the mule in question or not.   On
the contrary, it would appear that his statement was made volun-
tarily and without solicitation or interrogation, with the purpose on
his part of obtaining credit.

On account of the State's failure to prove that the offense was
not barred by the statute of limitations, and the error of the court
in admitting in evidence a document showing that title was reserved

to a partnership not mentioned in the accusation, and in property not mortgaged to M. E. Maxwell & Company, the verdict finding the accused guilty was contrary to law and the evidence, and a new trial should have been granted.          *Judgment reversed.*