### 26092.   HODGES *v*. THE STATE.

GUERRY, J.   1. An indictment which in the language of the Code charges the offense of maintaining and operating a lottery, and specifies or names the kind of lottery being operated, is sufficient, and is good as against demurrer. *Kolshorn* v. *State*, 97 *Ga*. 343 (23 S. E. 829); *Guthas* v. *State*, 54 *Ga*. *App*. 217 (187 S. E. 847); *Roberts* v. *State*, 54 *Ga*. *App*. 704 (188 S. E. 844).

2. The evidence was sufficient to support the verdict.   After a careful consideration of the assignments of error in respect to admission of certain evidence, we find no such error as would require a new trial.

*Judgment affirmed.   Broyles, C. J., and MacIntyre, J., concur.*

DECIDED APRIL 7, 1937.

*C. G. Battle,* for plaintiff in error.
*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

### 26105.   HENDERSON *v*. MAYOR etc. OF CRAWFORDVILLE.

GUERRY, J.   "A prosecution for the violation of a municipal ordinance, punishable by fine or imprisonment, is a criminal case within the meaning of section 6153 of the Civil Code, requiring that 'in all criminal cases the bill of exceptions shall be tendered and signed within twenty days from the rendition of the decision.' " *Webb* v. *Ellijay*, 15 *Ga*. *App*. 642 (83 S. E. 1099). The petition for certiorari in the present case was denied on October 16, 1936. The bill of exceptions was tendered to the judge on November 12, 1936, twenty-six days after the rendition of the judgment complained of.   It follows that this court is without jurisdiction of the writ of error.

*Writ of error dismissed.   Broyles, C. J., and MacIntyre, J., concur.*

DECIDED APRIL 7, 1937.

*P. H. Mitchell, J. A. Mitchell,* for plaintiff in error.