## 28294. SNEAD v. THE STATE.

BROYLES, C. J. 1. The defendant was indicted for a misdemeanor, in that in the year 1938 he maintained a "certain scheme and device for the hazarding of money and other thing of value, which scheme and device is commonly known as and called a slot-machine; accused unlawfully keeping, maintaining, carrying on, and operating aforesaid slot-machine in that certain place of business on Fifth Avenue in the City of Rome, Floyd County, Georgia, known as American Café." The indictment was evidently drawn under the Code, § 26-6502, which is as follows: "Carrying on a lottery. Any person who, by himself or another, shall keep, maintain, employ, or carry on any lottery or other scheme or device for the hazarding of any money or valuable thing, shall be guilty of a misdemeanor." The language of the indictment was substantially similar to that of the Code section, and was sufficient to apprise the defendant of

the charge against him. The overruling of the demurrer to the indictment was not error.

2. In a misdemeanor all who aid another person in the commission of the offense charged are guilty as principals. Under this well-known principle of law, the evidence amply authorized the defendant's conviction. There is no merit in his contention that the evidence failed to show that the offense was committed "within the statute of limitations." The court did not err in overruling the motion for new trial, based on the general grounds only.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED APRIL 22, 1940.

*A. L. Henson,* for plaintiff in error.

*J. Ralph Rosser, solicitor-general, J. Sante Crawford,* contra.