30247.   CHILDS *v.* THE STATE.

DECIDED OCTOBER 28, 1943.

102

*George L. Goode, Mary A. Lang,* for plaintiff in error.

*G. Fred Kelley, solicitor-general,* contra.

GARDNER, J.  1.  In *Russell* v. *Equitable Loan & Security Co.,* 129 *Ga.* 154, 161 (58 S. E. 881, 12 Ann. Cas. 129), it was held that the Code, § 26-6502, under which the indictment was drawn, should be construed in connection with § 26-6501, which declares: "Any person who, either by himself or his agent, shall sell or offer for sale, or procure for or furnish to any person any ticket, number, combination, or chance, or anything representing a chance, in any lottery, gift enterprise, or other similar scheme or device, whether such lottery, gift enterprise, or scheme shall be operated in this State or not, shall be guilty of a misdemeanor."  Section 26-6502 declares: "Any person who, by himself or another, shall keep, maintain, employ, or carry on any lottery or other scheme or device for the hazarding of any money or valuable thing, shall be guilty of a misdemeanor."  Under the evidence, the machines themselves were not inherently gambling devices such as were dealt with in *Elder* v. *Camp,* 193 *Ga.* 320 (18 S. E. 2d, 622), where the Supreme Court (after quoting § 26-2502) said: "An apparatus known as a 'slot machine,' by which a person depositing money therein may, by chance, get directly or indirectly money or articles of value worth either more or less than the money deposited, falls within the purview of this section, and can not be treated as one kept only for amusement."

Able counsel for the State cites *Lewis* v. *State,* 57 *Ga. App.* 340 (195 S. E. 285), as authority to sustain the conviction.  That decision is not in point.  While the indictment in each case was drawn under the same Code section, the evidence clearly differentiates the *Lewis* case from the case at bar.  The defendant in the *Lewis* case was convicted of operating a scheme and device known as the "number game," and was known to that game as a "pick-up man."  When the officers arrested him he was in possession of five hundred lottery tickets.  The evidence clearly showed that he was known as a "pick-up man," and that he was on his way to headquarters with the lottery tickets.

Counsel for the State further cites *Snead* v. *State,* 62 *Ga. App.* 541 (8 S. E. 2d, 735), and *Cohen* v. *State,* 62 *Ga. App.* 542 (8 S.

E. 2d, 736). We have examined the records in each case of file in the clerk's office. It appears from the evidence in those cases that the machine in question automatically paid money when a nickel was inserted therein.

We have been unable to find any decision with facts similar to those here involved, which would authorize the conviction of the defendant. It would seem that to hold that one violated the Code sections in question, merely because he had in his possession a machine such as is described by the evidence in this case, where persons would go and operate and bet among themselves, would eliminate all games of amusement of which we can conceive. The court erred in overruling the motion for new trial on the general grounds.

2. A special ground of the motion complains of a charge to the jury, which in so far as it violated the principle of law above ruled, was erroneous. Two other grounds complain of the admission in evidence of testimony to the effect that people were seen operating the machines, and were seen betting (on the side), and that the machines furnished the chance on which such bets were placed. These grounds are without merit.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*