### 34388.   MILLER *v.* THE STATE.

DECIDED JANUARY 17, 1953.

*Hicks & Culbert, Maddox & Maddox,* for plaintiff in error. *John W. Davis, Solicitor-General,* contra.

GARDNER, P. J. The defendant insists that the indictment returned against him was fatally defective and fails to set forth any offense under the laws of this State, for the reason that it purports to be based upon the provisions of Code § 26-6502, which makes it a misdemeanor for one to "keep, maintain, employ, or carry on any lottery or other scheme or device for the hazarding of any money," and does not specifically charge that the defendant did keep, maintain, employ or carry on a lottery, merely alleging that the defendant did "keep, maintain, employ and carry on certain schemes and devices for the hazarding of money," omitting entirely therefrom the word "lottery." The defendant says that, if the indictment charges any offense, it charges the defendant with a lottery. This court does not agree with the defendant's contention and with his construction of said statute and of the allegations of the indictment. The failure of the indictment to use the word "lottery" in charging that the defendant in this case did "keep, maintain, employ and carry on certain schemes and devices, for the hazarding of money, said schemes and devices being commonly known and called . . two five-cent slot machines; two ten-cent slot machines; two twenty-five cent slot machines; one fifty-cent slot machine," did not render said indictment fatally defective, and the indictment was not thereby subject to demurrer as failing to charge any offense against this defendant under the Georgia law. Code § 26-6502 provides: "Any person who, by himself or another, shall keep, maintain, employ, or carry on any lottery or other scheme or device for the hazarding of any money or valuable thing, shall be guilty of a misdemeanor." The conjunction "or" is a correlative of "either." The use in this section of "or" means that "any person who, by himself or another, shall keep, maintain, employ or carry on any lottery" shall be guilty of a misdemeanor, and also that any person who shall by himself or another keep, maintain, employ or carry on any other scheme or device for the hazarding of any money or valuable thing shall be guilty of a misdemeanor. Said Code section provides that "either" of the said offenses constitutes a violation of the law—the operating of a lottery, or the operating

of any scheme or device for the hazarding of money. There is no merit in the defendant's contention in this regard. The indictment clearly charges the defendant with an offense in charging that he did on said date "keep, maintain, employ, and carry on certain schemes and devices for the hazarding of money, said schemes and devices being commonly known and called . . [devices described in the indictment]." A slot machine is a device for the hazarding of money, and it is not necessary that the accusation or indictment allege the manner in which such machine operates. *Kolshorn* v. *State*, 97 *Ga.* 343 (23 S. E. 829). The operator of such a machine is guilty of violating the provisions of said Code section. *Kolshorn* v. *State*, supra; *Brockett* v. *State*, 33 *Ga. App.* 57 (125 S. E. 513); *Jenner* v. *State*, 43 *Ga. App.* 747 (160 S. E. 115); s. c., 173 *Ga.* 86 (159 S. E. 564); *Elder* v. *Camp*, 193 *Ga.* 320 (18 S. E. 2d, 622) and cit.; *Davis* v. *State*, 77 *Ga. App.* 541 (49 S. E. 2d, 173). Such machine is a "device for the hazarding" of money. *Elder* v. *Camp*, supra. Said indictment was not defective in not designating the keeping, operating, and maintaining of a slot machine as a lottery.

It follows that the indictment was not subject to the grounds of demurrer urged thereto and that the trial judge did not err in overruling the same.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*