### 34924. HOWARD *v.* THE STATE.

TOWNSEND, J. 1. An indictment drawn in the language of Code § 26-6502, making it unlawful to carry on a lottery, is sufficient, provided it specifies or names the kind of lottery being operated. *Kolshorn* v. *State,* 97 *Ga.* 343 (1) (23 S. E. 829); *Guthas* v. *State,* 54 *Ga. App.* 217 (1) (187 S. E. 847); *Hodges* v. *State,* 55 *Ga. App.* 670 (1) (191 S. E. 182); *Snead* v. *State,* 62 *Ga. App.* 541 (8 S. E. 2d 735); *President* v. *State,* 83 *Ga. App.* 731, 733 (64 S. E. 2d 596). Accordingly, an indictment charging that the defendant did "keep, maintain, and employ, and carry on a lottery, the same being a scheme and device for the hazarding of money known and designated as the 'bug'," is sufficient as against a demurrer that the same fails to put the defendant on notice of the kind of lottery attempted to be charged, and that it fails to set forth a crime under the laws of Georgia.

2. An order overruling a general demurrer is not a proper ground of a motion for new trial, and an assignment of error on such ground cannot be considered. *Don* v. *Don,* 163 *Ga.* 31(3) (135 S. E. 409); *Dixon* v. *Evans,* 56 *Ga. App.* 583(4) (193 S. E. 470).

3. The general grounds of the motion for new trial are abandoned. Accordingly, the trial court did not err in denying the motion for new trial, the sole special ground of which attempted to assign error on a demurrer ruling.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED NOVEMBER 13, 1953.

*J. T. Thomasson, James T. Thomasson, Jr.,* for plaintiff in error.

*Wright Lipford, Solicitor-General,* contra.