### 36368. CLAY *v.* THE STATE.

CARLISLE, J. 1. An accusation which charges that the defendant "did then and there unlawfully keep, maintain, employ and carry on a certain lottery, scheme and device for the hazarding of money, said lottery, scheme and device being known as and called 'the bug' and 'number game' contrary to the laws of said State the good order, peace and dignity thereof," is legally sufficient without specifying or describing with more particu-

larity how such game was operated. *Guthas* v. *State,* 54 *Ga. App.* 217 (187 S. E. 847); *Kolshorn* v. *State,* 97 *Ga.* 343 (23 S. E. 829); *Moore* v. *State,* 54 *Ga. App.* 218, 220 (187 S. E. 595); *Hodges* v. *State,* 55 *Ga. App.* 670 (191 S. E. 182); *Turk* v. *State,* 55 *Ga. App.* 732, 733 (191 S. E. 283); *Lunsford* v. *State,* 60 *Ga. App.* 537, 547 (4 S. E. 2d 112); *Howard* v. *State,* 89 *Ga. App.* 158 (78 S. E. 2d 876); *Ramsey* v. *State,* 85 *Ga. App.* 245 (69 S. E. 2d 98). The accusation stated a violation of the law and was not subject to general demurrer, nor to any of the special demurrers calling for greater specificity in the designation of the type lottery and greater particularity as to the manner of its operation.

2. Where upon the trial of one charged with operating a lottery in Bibb County, known as the bug or numbers game, a qualified witness describes the methods used in operating such lottery in that county, including the use of "lay-off bankers," and from the other evidence adduced upon the trial, the jury is authorized to find that the defendant was seen surreptitiously accepting an object from another man at a time and place and in a manner suggestive of a lottery operation; that when an officer endeavored to investigate the matter, the defendant fled; that the officer never lost sight of the defendant; that the defendant never stopped in his flight until physically forced to do so; that tickets identified as lottery tickets were found within six inches of the defendant's feet; that the tickets, though lying in a heavily traveled part of a dirt road, were absolutely clean; that the defendant first called attention to the tickets by denying that they were found on him; that the defendant endeavored to bribe the arresting officer to forget about the tickets, and that the defendant was alone during all of this time, the jury was authorized to find that the defendant was engaged as a "lay-off banker" in a lottery operation, and the evidence authorized the verdict. See in this connection, *Wood* v. *State,* 58 *Ga. App.* 412 (198 S. E. 799).

3. Viewed as a whole, the charge is not subject to the criticism lodged against it in special ground 1. Immediately following the charge of which complaint is made, the court instructed the jury as follows: "I charge you this further, gentlemen, possession of what is called 'bug tickets' is not a crime, and a defendant cannot be convicted just on mere possession of bug tickets alone, but it is necessary for the State to prove that one in possession of bug tickets is engaged in the operation of a lottery and is not a player."

4. In such a trial as indicated above, there is no error in permitting the State on cross-examination to inquire of a witness whether or not there was a pistol in the glove compartment of the defendant's automobile. Even if the witness had answered in the affirmative, which he did not, the effect of such a question would not have been to charge the defendant with another crime. See *Hayes* v. *State,* 28 *Ga. App.* 67 (110 S. E. 320). The State was entitled to a thorough and sifting cross-examination of the defendant's witness for the purpose of testing his veracity and memory. See in this connection *Andrews* v. *State,* 118 *Ga.* 1, 4 (43 S. E. 852). Furthermore, the witness replied that he did not know whether or not there was a pistol in the glove compartment of the defendant's automobile.

5. Special ground 3 of the motion for a new trial is without merit, as being

incomplete. It does not appear from that ground that any reply was made to the question posed to the witness.

The trial court did not err in denying the motion for new trial for any reason assigned.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 16, 1956—REHEARING DENIED NOVEMBER 8, 1956.

*T. Reese Watkins, Paul M. Conaway, Jacobs & Gautier,* for plaintiff in error.

*H. T. O'Neal, Jr., Solicitor,* contra.