36521. JACOBS *v.* THE STATE.

156

*D. B. Howe,* for plaintiff in error.

*Robert J. Noland, Solicitor-General, James I. Parker, Assistant Solicitor-General,* contra.

GARDNER, P. J.  Code § 27-601, after providing the statute of limitations in which indictments may be returned, further provides in Subsection 4: "If the indictment is found within the time limited, and for any informality shall be quashed or a nolle prosequi entered, a new indictment may be found and prosecuted within six months from time the first is quashed or the nolle prosequi entered."  From the facts above stated it would thus be seen that 15 months and 28 days after the nolle prosequi order was entered the court sought to vacate the order of nolle prosequi and to reinstate the indictment.  This was clearly in contravention of the provision of Code § 27-601 Subsection 4 quoted above. The Code section states distinctly and clearly that where a nolle prosequi order is entered another indictment may be obtained provided it is done *within six months*.  Moreover, we might add here that the six-months period allowed for the return of a new indictment must be within the statute of limitation of the crime

involved. Thus it will be seen that the court had no authority to reinstate the indictment or return after the expiration of six months from the date of the nolle prosequi order (and this must be within the statute of limitation of the crime involved).

The court erred in setting aside the nolle prosequi order.

*Judgment reversed. Carlisle, J., concurs. Townsend, J., concurs specially.*

TOWNSEND, J., concurring specially. I concur in the judgment of reversal. I also agree with all that is said in the majority opinion, except that I consider it irrelevant to the issues made by the assignment of error here. The question for decision is not whether a new indictment may be returned against this defendant (which counsel for both sides stipulate cannot be done) but whether the trial court may, 15 months after entering an order of nolle prosequi, vacate such order and thus reinstate the original indictment. It is well settled that the trial court, in either a civil or a criminal case, has no jurisdiction to set aside a dismissal and reinstate a cause after the expiration of the term at which it was dismissed, nor can a judgment of the court be changed, amended or modified after the expiration of the term at which such judgment was entered. *Rutland* v. *State,* 14 *Ga. App.* 746 (82 S. E. 293); *Rogers* v. *Rigell,* 183 *Ga.* 455 (188 S. E. 704); *Carswell* v. *Shannon,* 209 *Ga.* 596 (74 S. E. 2d 850); *East Tenn. Va. & Ga. Ry. Co.* v. *Greene,* 95 *Ga.* 35 (22 S. E. 36); *Alley* v. *Halcombe,* 96 *Ga.* 810 (22 S. E. 901). Accordingly, the court here had no jurisdiction to vacate an order of nolle prosequi, not procured by fraud, at a previous term of the court.