36611.   STORY *v.* THE STATE.

Decided April 2, 1957.

*Walter B. Fincher,* for plaintiff in error.

*Paul Webb, Solicitor-General, Carter Goode, Eugene L. Tiller,* contra.

CARLISLE, J. ■ Grounds of a motion for new trial which are expressly abandoned in the brief of counsel for the plaintiff in error or in his oral argument before this court will not be considered. Code § 6-1308. Special grounds 6 and 8 of the motion for new trial were abandoned by counsel for the plaintiff in error in his oral argument and will not be considered.

■ The assignments of error contained in special grounds 1 and 6 (numbered 4 and 9) involve essentially the same principle of law and are considered here together. In special ground 1, error is assigned on the admission of the following testimony for the State: "I was acquainted with Burl W. Story before the day I went out on Berean Avenue and got the razor blades; I had

been knowing him for some time; this defendant, Story, is a known user of narcotics"; and, the court's refusal to grant a mistrial following the admission of such testimony. The vice attributed to this testimony by the defendant in his motion for mistrial was that the statement that the defendant was a known user of narcotics, put his character in issue when he had not done so. In special ground 6, error is assigned on the following excerpt from the charge to the jury: "This defendant, gentlemen of the jury, is on trial for the particular offense charged in this bill of indictment that you will have out for your consideration and on no other charge or charges. He is not on trial on account of any other alleged offense or offenses, and any evidence in this case with reference to any other alleged offense or offenses is admitted for the purpose of your consideration solely and only under the provisions of law that where knowledge, motive, intent and good or bad faith, or any other matter dependent upon a person's state of mind are involved as material elements in the offense for which he is on trial, evidence of the defendant's conduct with reference to other transactions about the same time is admissible for the consideration of the jury in so far only as it might tend to illustrate the defendant's state of mind on the subject involved, if you think it does so illustrate it." In setting at rest the contrariety of opinion which had long existed in this State as to the admissibility in criminal cases of evidence concerning other transactions and other crimes, the Supreme Court, in *Bacon* v. *State*, 209 *Ga.* 261 (71 S. E. 2d 615), refers approvingly to the dissenting opinion in *Hodges* v. *State*, 85 *Ga. App.* 617, 623 (70 S. E. 2d 48). In the dissenting opinion in the *Hodges* case it was stated: "It is axiomatic that the general character of the defendant and his character in other transactions is irrelevant unless the defendant chooses to put his character in issue. Code §§ 38-201, 38-202; *Green* v. *State*, 172 *Ga.* 635 (158 S. E. 285); *Hunter* v. *State*, 188 *Ga.* 215 (3 S. E. 2d 729); *Ward* v. *State*, 14 *Ga. App.* 110 (80 S. E. 295); *Davis* v. *State*, 60 *Ga. App.* 772 (5 S. E. 2d 89). It is equally axiomatic that, where such evidence is erroneously admitted, it is prejudicial to the defendant and demands the grant of a new trial. *Bryant* v. *State*, 65 *Ga. App.* 523 (16 S. E. 2d 241); *Robinson* v. *State*, 62

*Ga. App.* 355 (7 S. E. 2d 758)." In that dissenting opinion, an exhaustive and comprehensive study was also made of the various exceptions to the rule against the introduction of evidence of the defendant's character before the defendant has chosen to put his character in issue. And after a perusal and citation of numerous cases involving the exceptions to the general rule, it was concluded by the author of that opinion—and the Supreme Court has expressed the same view in the *Bacon* case—that the character of the defendant in criminal cases may not be placed in issue by evidence of other transactions or crimes in which the defendant has been involved, or of which he was guilty, in order to show knowledge, motive, intent, scheme, or plan, unless there be shown some logical connection between the other transactions or crimes and the crime for which the defendant is on trial from which it can be said that the proof of the one tends to establish the other. To permit the introduction of such evidence "to show knowledge, motive, intent, scheme, or plan" merely to show "bent of mind"; that is to say, to permit the introduction of such evidence to show that the defendant is more likely to commit again a crime of which he has previously been guilty is the precise reason for excluding such testimony. The defendant in this case is charged with having burglarized a drug store with the intent to steal enumerated narcotics and other items of merchandise. When the defendant was arrested, certain items similar to the merchandise alleged to have been stolen were found in his automobile. Although a witness for the State expressed the opinion that at the time of his arrest, the defendant was under the influence of narcotics, none of the vast quantity of narcotics alleged to have been stolen was found in his possession. The fact that the defendant was "a known user of narcotics" without more, does not in any way tend to establish that he is a burglar or that he committed the crime of burglary alleged in the indictment. The trial court, consequently, abused its discretion in refusing the motion for mistrial after the introduction of the testimony that the defendant was a known user of narcotics, and erred in its instruction to the jury of which complaint is made, in permitting such evidence to be used by the jury to establish the defendant's "bent of mind." The admission

of the testimony and the court's instruction to the jury placed the defendant's character in issue at a time when he had not chosen to do so.

■ In special ground 2 (numbered 5), error is assigned upon the admission of the following testimony of one of the arresting officers: "When I made the arrest, when I went in there, as I said before, there was a fellow in there by the name of Cooper [the man jointly arrested and indicted with the defendant, but tried separately]. The minute we entered the room, Cooper grabbed some tablets and put them in his mouth and swallowed them right quick. Of course, I grabbed Story and when I did, that is when I seen that he had the syringe under his belt. I took that off of him. . ." (Brackets supplied by the court.) Counsel for the defendant objected to the admission of this testimony upon the ground that it was irrelevant and immaterial on the trial of the defendant and that if the purpose of such testimony was to establish a conspiracy between Cooper and the defendant to commit the crime of burglary, the crime had ended. This ground of the motion for a new trial is without merit. Acts, conduct and declarations of an accomplice during the pendency of the wrongful act, not alone in its actual perpetration, but also in its subsequent concealment, are admissible against another accomplice. In legal contemplation the enterprise may not be at an end, so long as the concealment of the crime is sought or the identity of all the conspirators has not been disclosed. Acts and declarations of such undisclosed conspirators, looking to the concealment of identity and the suppression of evidence, are admissible against other conspirators. *Thompson* v. *State*, 58 *Ga. App.* 593 (199 S. E. 568). Under the circumstances of the present case, the jury might have inferred that Cooper was a conspirator of the defendant in the alleged burglary and that his swallowing of the pills, under the circumstances and at the time related by the witness, was an effort to suppress evidence.

■ "The evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." Code § 38-201. In special ground 4 (numbered 7) error is assigned upon the introduction in evidence by the State of a Colt automatic pistol which a wit-

ness for the State identified as one discovered in the defendant's automobile at the time of his arrest. Under the clear provisions of the Code section quoted above and the facts of this case, the admission in evidence of the pistol was erroneous. The question before the jury was whether or not the defendant was guilty of burglarizing the named drug store with intent to steal the described items of merchandise. The Colt automatic pistol was not one of the enumerated items of merchandise. The defendant's possession of the pistol at the time of his arrest illustrated nothing concerning the alleged burglary, and in no way connected the defendant with the burglary. The introduction of the evidence concerning the pistol in the present case differs entirely from the introduction of similar evidence in *Clay* v. *State*, 94 *Ga. App.* 553 (95 S. E. 2d 471). In that case, the State brought out the facts concerning the defendant's possession of the pistol at the time of his arrest upon cross-examination of a witness for the defendant, and this was done to test the veracity and memory of the witness.

The trial court erred in denying the motion for new trial for the reasons stated in the foregoing divisions of the opinion.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*