37233.   HODGES *v*. THE STATE.

DECIDED JULY 16, 1958—REHEARING DENIED JULY 31, 1958.

*James R. Venable,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Henson McAuliffe, B. B. Zellars, Eugene L. Tiller, Frank S. French,* contra.

CARLISLE, Judge. Margaret Josie Hodges was tried in the Criminal Court of Fulton County on six counts of a seven-count accusation charging her with lottery. The jury returned a verdict of guilty on five of the counts. The defendant's petition for certiorari was sanctioned by a judge of the superior court and was thereafter overruled and denied on each and every ground thereof. The exception here is to that judgment.

·The accusation was based on an affidavit made by one W. M. Cox, and charged the defendant with having committed the offense of lottery on June 30, 1952, July 1, 1952, July 2, 1952, February 7, 1956, February 14, 1956 (at 3893 Powers Ferry Road in Fulton County), February 14, 1956 (at 5400 Peachtree-Dunwoody Road in Fulton County, withdrawn at conclusion of the evidence), and on October 29, 1957. With respect to the first three counts of the accusation it was alleged therein that those charges were the same charges as those originally filed in an ac-

cusation on September 15, 1952, and which was subsequently nol prossed on November 12, 1957. The present accusation was returnable to the November term, 1957, of the Criminal Court of Fulton County. To this accusation the defendant filed demurrers, a plea in bar and a motion to quash. The first three assignments of error in the petition for certiorari complain of the order of the trial judge overruling the demurrers, the plea and the motion. Inasmuch as these orders and the exceptions thereto raise substantially the same questions, they will be considered together.

■ Each count of the accusation charged that the defendant in the county aforesaid (Fulton County), on the date therein set out, "did keep, maintain, and operate a lottery, known as the number game, for the hazarding of money." The wording of these accusations was substantially in conformity with the wording of the statute (Code § 26-6502) and sufficiently described the offense and the essential elements thereof. Code § 27-701. *Hodges* v. *State*, 55 *Ga. App.* 670 (1) (191 S. E. 182); *Howard* v. *State*, 89 *Ga. App.* 158 (1) (78 S. E. 2d 876). Each count of the accusation was complete within itself, plainly described the offense and all the necessary and essential elements thereof and was sufficient to inform the defendant and the jury of the charges against her. Each count accurately and sufficiently set out the place and the time of the offense. The criminality of the offense charged in this accusation not being dependent upon place, it was sufficient to charge that it was committed in Fulton County. *Flanders* v. *State*, 97 *Ga. App.* 779 (1) (104 S. E. 2d 538), and citations.

With respect to the first three counts of the accusation, each alleged that the charge embodied therein had originally been filed in the form of an accusation in the Criminal Court of Fulton County on September 15, 1952, and that such original accusation had subsequently been nol prossed on November 12, 1957. These allegations were sufficient to place these counts of the accusation within the purview of Code § 27-601 (4), and neither of these counts nor the accusation as a whole was subject to the grounds of demurrer, nor to the plea in bar, nor to the motion to quash, contending that prosecution for the crimes charged therein was barred by the statute of limitations.

The offenses charged in each count of the accusation were identically the same except for the dates alleged. Counts 1, 2, and 3 having alleged facts which placed the offenses therein within the provisions of Code § 27-601 (4), the mere fact that some five years intervened between the dates of the offenses charged in the first three counts and the offense charged in the last counts did not render the accusation subject to demurrer or motion to quash on the ground that in so charging the defendant the prosecutor evidenced a purpose to place the defendant's character in issue. Neither did this fact violate the due-process clause of the Federal Constitution (the Fourteenth Amendment), nor the provisions of the State Constitution guaranteeing to persons charged of crimes a public and fair trial. Neither the ground of the demurrer nor the ground of the motion to quash alleging that it did not appear that the offenses charged in counts 1, 2, and 3 were identical to the corresponding counts of the old indictment was meritorious. It follows that the judge of the superior court did not err in overruling the grounds of the petition for certiorari complaining of the order of the trial judge overruling the demurrers, the plea in bar and the motion to quash.

Paragraphs 7, 8, 9, 10, 12, 14, 15, 17, 19 and 24 of the petition for certiorari assigned error on rulings of the court admitting evidence relating to the offenses charged in counts 1, 2, and 3, and on the refusal of the court to strike evidence relating to those offenses and on the refusal of the court to grant a directed verdict as to those offenses on the grounds that those offenses were barred by the statute of limitations, were too remote and not connected with the offenses charged in the other counts of the accusation, and because of their remoteness placed the defendant's character in issue. In view of the ruling made in the foregoing division, none of these assignments of error was meritorious.

After the jury had retired, they returned to the courtroom and requested a recharge on the question of the statute of limitations. After some colloquy between the court and a juror, the court instructed the jury as follows: "Where an accusation is taken out within two years after the alleged commission of the alleged offense, it may be nol prossed, as I read to you gentlemen, by law.

Then after two years has passed if it has not been tried during the two years and is still pending beyond two years, it may be nol prossed for informal reasons, as I read to you, and if it is brought up again or resworn out within six months after the date of the nol prossing, then the person charged with the alleged offense may still be prosecuted on the new accusation. Is that clear to you gentlemen? It is for you to determine whether or not that was done, from the evidence in the case. As I said, the burden is on the State to establish it by competent evidence and beyond a reasonable doubt, which is the only reason the court allowed in evidence any evidence concerning that at all." In paragraph 26 of the petition for certiorari, error is assigned on this portion of the recharge because it is contended that it set forth an incorrect principle of law, was misleading and confusing to the jury, and was in conflict with instructions previously given in that it failed to instruct the jury that the new accusation must set out the reason why the original accusation was nol prossed. This instruction was not erroneous for any of the reasons assigned.

In paragraph 27 of the petition, error was assigned because the trial judge failed to charge without request that if an accusation is found within two years of the offense and is thereafter nol prossed, a new accusation may be drawn within six months of the time of the nol pross, but that the new accusation must embody and set out therein the reasons why the original accusation was nol prossed in order to prevent the offense from being barred by the statute of limitations. The first portion of this charge was substantially given the jury by the judge in the portion of the charge excepted to in paragraph 26. The latter portion did not state a correct abstract principle of law, and it was not error for the trial court to fail to give such instructions.

■ Paragraph 11 of the petition for certiorari assigns error on the refusal of the trial court to grant a motion for a mistrial on motion of the defendant after a witness for the State had testified: "I first knew her when I saw her name in the paper and was working on Capitol Avenue for a chicken house and needed some extra money and was pretty good on the adding machine and thought I could go to work." Counsel for the defendant ob-

jected to this testimony on the ground that what the witness thought was improper and prejudicial to the defendant. It is contended in this paragraph that the court should have declared a mistrial and reprimanded the witness because the remark was improper and prejudicial in that it placed the defendant's character in issue without her first having done so. It does not appear from this paragraph of the petition that the latter contention was urged before the trial court, and it is not apparent that the evidence objected to was harmful to the defendant for any of the reasons assigned. The burden is on a party alleging that a judgment is erroneous to show it affirmatively by the record. The plaintiff in error must not only show error, but harmful error. He must show error which has hurt him. *Owens* v. *Service Fire Ins. Co.*, 90 *Ga. App.* 553, 559 (83 S. E. 2d 249) ; *Hall* v. *State*, 202 *Ga.* 619, 620 (44 S. E. 2d 234) ; *Bland* v. *State*, 210 *Ga.* 100, 102 (78 S. E. 2d 51) ; *Childers* v. *Ackerman Construction Co.*, 211 *Ga.* 350, 356 (86 S. E. 2d 227). The mere fact that the witness saw the defendant's name in the newspaper and thought that he could get a job with her and his testimony to this effect did not in and of itself put the defendant's character in issue. This assignment of error is without merit.

■ Paragraph 13 of the petition for certiorari assigned error on the admission over objection of a question and answer posed to a witness for the State on re-direct examination by the solicitor. The solicitor asked the witness, "Let's get this straight now, did you or not serve time in Federal prison for charges made against you out at that house on Lynhurst Drive?" The witness answered, "I did." This evidence was objected to on the ground that the record would be the highest and best evidence of the imposition of sentence. The brief of evidence in this case shows that this witness had just prior to the evidence complained of been cross-examined by counsel for the defendant, and that the witness had, while on such cross-examination, referred to his having served time in the penitentiary "for whisky", to having been arrested for operating and carrying on a lottery on July 2, 1952, and that he pleaded guilty to a charge in connection therewith in Federal court, that he had been in trouble in the Federal court since 1952 and had been sentenced, that he went to the peniten-

tiary in November, 1952, that, "I plead guilty to the case in November to lottery, the same case." This was substantially the same evidence as that objected to, and the question and answer was clearly justified as an effort on the part of the solicitor to clear up information elicited by the counsel for the defendant on cross-examination. Under these circumstances, the admission of this evidence over the objection of the defendant was not harmful error. See *Southeastern Greyhound Lines, Inc.; v. Hancock,* 71 *Ga; App.* 471 (2) (31 S. E. 2d.59).

■ The State tendered in evidence the original three-count accusation charging the defendant with lottery in 1952, which had been nol prossed and bore the order of nol prossing thereon. The defendant objected to the introduction of this evidence, and error was assigned in paragraph 16 of the petition for certiorari on the order of the court overruling this objection. This accusation related to the three offenses charged in the first three counts of the accusation involved in this case and referred to the very same offenses. It was incumbent upon the State not only to allege the nol prossing of the original accusation where on the face of this accusation the offenses charged in the first three counts were beyond the statute of limitations, but the duty was also on the State to prove these allegations. *McLane* v. *State,* 4 *Ga.* 335, 341; *Hollingsworth* v. *State,* 7 *Ga. App.* 16 (65 S. E. 1077); *Williams* v. *State,* 13 *Ga. App.* 338 (1a) (79 S. E. 207); *Bazemore* v. *State,* 34 *Ga. App.* 773 (131 S. E. 177). We know of no better way for the State to have proved this essential element than for it to have introduced the original accusation together with the appropriate entries thereon. This paragraph of the petition for certiorari failed to show error.

■ In paragraph 18 error was assigned because the trial court refused to grant a mistrial on motion of the defendant when a witness for the State, one of the police officers or detectives, made what it was contended was an improper statement relative to the defendant's having been in jail on a certain occasion. It was contended in this paragraph that this evidence tended to put the defendant's character in issue. This paragraph shows that the court denied the motion for mistrial and instructed the jury that they should not consider any evidence as to Mrs. Hodges' where-

abouts on this occasion; that it did not illustrate any issue in the case and that they should disabuse their minds of any statement whatever in this regard. The trial court did not err in denying this motion for a mistrial. Conceding that this evidence was not admissible, it was not of such a character as to so prejudice the minds of the jury that its effect could not be removed by proper instruction by the court that the jury would not consider it. This ground shows that the court promptly moved to instruct the jury to disregard this evidence. Having done so, it was not error for the court to deny the motion for a mistrial, and the judge of the superior court did not err in thereafter overruling this ground of the petition for certiorari. *Joyner* v. *State*, 208 *Ga.* 435, 438 (67 S. E. 2d 221).

The State introduced in evidence (Exhibit 5) a pocketbook which was identified as having been taken from an automobile belonging to the defendant and which was, when taken from the defendant's automobile, found to contain lottery tickets and other paraphernalia. This was objected to on the ground that there was no evidence linking the pocketbook with the defendant. The court overruled this objection and admitted the evidence, and error was assigned in paragraph 20 of the petition on this ruling. The evidence shows that this exhibit was taken from the defendant's automobile by a witness by the name of Stecher, and was turned over to Lieutenant Edward Little who testified that the defendant had identified the pocketbook in his presence and in the presence of her counsel as being hers. This testimony sufficiently connected this evidence with the defendant so as to authorize its introduction, and the trial court did not err in admitting it for any of the reasons assigned.

In paragraph 21, error was assigned on the overruling of the following objection to evidence: "I object to this testimony as improper, highly irrelevant, and immaterial and placing the defendant's character in issue when she herself has not done so." Just prior to this objection, witness Willie Cash, Jr., had been on the stand just a few minutes and had begun to testify with respect to having worked for the defendant on February 14, 1956, as a pick-up man or runner, and that on that date she called him and told him to bring the lottery tickets to an address

on Powers Ferry Road. He testified that he had worked for Mrs. Hodges about eight years off and on, and it was at this point that the above quoted objection was interposed. This objection utterly failed to point out what portion of the witness' testimony was objected to, and it is impossible to tell from the record as to which of the various matters that the witness had just testified about it was contended was inadmissible. This objection was not a sufficient objection, and the trial court did not err in overruling it. *Loughridge* v. *State*, 181 *Ga*. 261 (4) (182 S. E. 12).

■ Paragraph 22 of the petition for certiorari assigned error on the refusal of the court to require that a witness for the State name an informer upon whose information he acted. While we recognize the rule that, in cases of decoys, as held in *Smallwood* v. *State*, 95 *Ga. App*. 766 (1) (98 S. E. 2d 602), the defendant has a right to be informed of the decoy's identity, the rule has been held to be otherwise in the cases of informers. *Anderson* v. *State*, 72 *Ga. App*. 487 (4) (34 S. E. 2d 110). That case appears to have been the first case in this State passing on this question and we do not hesitate to reaffirm the position of this court as taken in that case. The rule there announced and applied is basically sound and salutary, and is the only one under which peace officers could work. The trial court did not err in refusing to require the witness to name his informer.

■ In paragraph 23 of the petition for certiorari, error was assigned on the admission of certain lottery tickets in evidence on the ground that testimony showed that these tickets were taken from the defendant by force, it being contended that this procedure violated the defendant's constitutional right of freedom from self-incrimination. The evidence shows in this regard that the officers went to an apartment house and as they approached the apartment wherein the defendant was operating, they heard a commode being flushed and one of the officers looked in a window and saw the defendant flushing the lottery tickets down the commode. In response to his call, another officer broke in the front door (they being armed with a search warrant), and rushed to the bathroom and struggled with the defendant and took the lottery tickets out of her hand and out of the commode.

It is these tickets to which objection was made. This situation is distinguishable from those cases wherein the defendant is forced to reveal or disclose evidence on the defendant's person, where the officer or person causing the disclosure merely suspects that the defendant has the evidence but does not know and does not see that the defendant has it. Here the evidence was seen, and the officer, in an effort to prevent its destruction, took the only course of action which could have been taken under the circumstances. It is true that the evidence shows that there was a struggle. This was so testified to by the officer. But under the ruling in *Grant* v. *State*, 88 *Ga. App.* 745 (77 S. E. 748), and the cases there cited, and especially where the evidence here involved was seized under authority of a search warrant, its admission was not erroneous for any of the reasons assigned. To hold otherwise would simply be illogical, for if one suspected of an offense could openly resist the authority of a search warrant by merely refusing to peacefully deliver evidence sought under authority of such a warrant, and could thereby be afforded the opportunity of the destruction of the evidence, it would avail an officer seeking to conduct a search under authority of a warrant very little, if anything, to have the warrant.

■ Without detailing the evidence on behalf of the State, it it is sufficient to say that there was evidence in the record which amply authorized the jury's verdict of guilty as to each of the counts on which the guilty verdict was returned. Accordingly, paragraphs 1 and 25 of the petition for certiorari are without merit, and, no error of law appearing, the judge of the superior court did not err in overruling the petition for certiorari.

*Judgment affirmed. Gardner, P. J., and Townsend, J. concur.*

## On Motion for Rehearing.

In a motion for rehearing counsel for the plaintiff in error invokes the statement found in *Jacobs* v. *State*, 95 *Ga. App.* 155 (97 S. E. 2d 528) to the effect that the new indictment or accusation may be returned against the defendant within six months after it is nol prossed, *provided the new indictment is within the statute of limitation of the crime involved.* Counsel contends that the effect of the italicized words is to require that such new accusations or indictments returned after the original has been nol

prossed must be returned within the statute of limitations, or otherwise such new accusation would be barred. In answer to this contention, it is sufficient to say that this is not the law and never has been. The provision of Code § 27-601 (4) shows clearly from a casual reading thereof that the new indictment or accusation may be found and prosecuted within six months from the time the first is quashed or a nolle prosequi is entered without regard to whether the statute of limitations has run or not. This was so held in *Crawford* v. *State*, 4 *Ga. App.* 789, 797 (62 S. E. 501).

Furthermore, an examination of the opinion in the *Jacobs* case and the special concurrence of Judge Townsend shows that the statement relied on by the plaintiff in error was purely obiter dictum inasmuch as the real question in that case was merely whether the trial court may some 15 months after entering an order of nolle prosequi vacate such order and thus reinstate the original indictment. No question was presented in that case that even remotely related to or referred to a new accusation or indictment so as to raise any question as to whether any such accusation or indictment was brought within the time allowed by law. Accordingly, that statement is not a binding precedent or such as would require any ruling contrary to that made here.

*Rehearing denied.*