## 54374, 54375. THE STATE v. TUZMAN; and vice versa.

SMITH, Judge.

Tuzman, a licensed dentist, was indicted on 41 separate counts of theft by deception, each count alleging that Tuzman submitted Medicaid repayment claims for dental work performed on a Medicaid recipient, which work was never performed. Tuzman filed a plea in bar, which was granted as to 30 of the counts because they each involved less than $100, and therefore stated misdemeanor offenses barred by the statute of limitation. From the grant of this plea, the state appeals. Questions presented for review here are whether the state has a statutory right to appeal; whether a pre-trial hearing on the plea in bar was the proper procedure for raising a statute of limitation challenge; whether, in a hearing on the plea in bar, the burden was on the state to prove the case fell within an exception to the statute of limitation; and whether the evidence authorized the trial court to conclude that the case did not fall within the exception. Answering all the above questions in the affirmative, we deny Tuzman's motion to dismiss the state's appeal, and we affirm the judgment in case no. 54374. Tuzman's cross appeal in case no. 54375 is dismissed.

### Case No. 54374

There is no dispute as to the 30 counts stating misdemeanors or as to the indictment for these misdemeanors coming after the two-year statute of limitation had expired. Code §§ 26-502 (d) and 27-601(4). The dispute centers around the state's assertion of the provisions of Code §§ 26-503 (b) and 27-601 which toll the running of the limitation so long as the person committing the crime or the crime itself is unknown. The state contends that neither the crimes, nor Tuzman's identity as their perpetrator, was known until December 16, 1976; the trial court agreed with Tuzman that both were known on March 28, 1975; just over two years prior to the April 1, 1977 indictment.

1. The motion to dismiss is denied.

As stated in the notice of appeal, the state is appealing "the order, decision, and judgment of the

Superior Court of Baldwin County, sustaining a Plea in Bar which was filed and ruled upon prior to the Defendant . . . having been put in jeopardy." The record sustains the state's characterization of the appeal. Our law clearly allows an appeal by the state, in criminal cases, "[f]rom an order, decision, or judgment sustaining a plea or motion in bar, when the defendant has not been put in jeopardy." Ga. L. 1973, pp. 297, 298 (Code Ann. § 6-1001a (c)).

Section 2 of the 1973 Act, supra (Code Ann. § 6-1001a), specifies that a direct appeal will not lie unless the order, decision, or judgment is final. Tuzman contends that the order granting the plea in bar as to the 30 counts is not final because 11 of the 41 original counts remain for trial. But the order could not be more final as to those 30 counts; there is nothing left for the trial court to do with them. The abstract proposition, that an order terminating prosecution of only some of the counts of a multi-count indictment cannot be final as to those counts, is answered and rejected by section 1(a) of the 1973 Act (Code Ann. § 6-1001a (a)), which says that a direct appeal may be taken "[f]rom an order, decision, or judgment . . . dismissing any indictment or information, or *any count thereof.*" (Emphasis supplied.) To say that an order cannot be final if it does not dispose of the entire indictment is to reduce to a nullity the "any count thereof" language of section 1(a). It is obvious, then, that the legislature recognized that an order final as to one count of an indictment was final enough for a direct appeal by the state.

Since the appeal is a proper one from a final judgment, it should not be dismissed and this court must reach a decision on the merits.

2. A pre-trial hearing on the plea in bar was an appropriate procedure for handling the plea. The state contends that the date on which the offense and offender became known was a jury question. In support of its position the state cites cases holding that whether an offense falls within the statutory period is to be resolved by the jury (e.g., *Decker v. State,* 139 Ga. App. 707 (5) (229 SE2d 520) (1975)) and cases holding that whether the facts support an exception to the statute of limitation is a jury question also. E.g., *Cohen v. State,* 2 Ga. App. 689 (59 SE 4) (1907). None of the cases cited by the state rules out

the use of a pre-trial hearing to resolve the statute of limitation question; rather, they hold simply that in the context of that particular case the question was properly before the jury. And we do not dispute the proposition that statute of limitation questions may properly be submitted to the jury for resolution. On the other hand, a plea in bar accompanied by a pre-trial hearing on the plea may be a very effective, fair and expedient method to deal with limitation problems in many cases. Such a procedure was reviewed without disapproval in *Holloman v. State,* 133 Ga. App. 275 (211 SE2d 312) (1974).

We agree with the state's assertion that *Holloman* does not require an evidentiary pre-trial hearing on a plea in bar, and it would have been proper for the trial court to grant the state's motion to dismiss the plea in bar as a pre-trial matter, reserving the limitation issue for the jury. But it was likewise proper for the trial court, in its sound discretion, to follow the alternative procedure of taking evidence to dispose of the plea. Our appellate courts have repeatedly affirmed that a trial court is vested with latitude to handle within its sound discretion pre-trial matters (E.g., *Baker v. State,* 238 Ga. 389 (233 SE2d 347) (1977) (motion to sever); *Thornton v. State,* 139 Ga. App. 483 (228 SE2d 919) (1976) (motions for discovery)) as well as the conduct of the trial in general. "The conduct of the trial of any case is necessarily controlled by the trial judge, who is vested with a wide discretion and in the exercise of which an appellate court should never interfere unless it is made to appear that wrong or oppression has resulted from its abuse." *Nunnally v. State,* 235 Ga. 693, 699 (221 SE2d 547) (1975). In this case, the trial court's action profoundly simplified a very complex trial by eliminating thirty counts which, as we hereafter conclude, should have been eliminated. This pre-trial procedure was fair to all parties, and though it is not statutorily *prescribed,* neither is it statutorily *proscribed.* We therefore conclude that the trial court did not err in opting for a pre-trial evidentiary hearing on the plea.

3. At trial, the burden is unquestionably upon the state to prove that a crime occurred within the statute of limitation, or, if an exception to the statute is alleged, to

prove that the case properly falls within the exception. *Williams v. State,* 13 Ga. App. 338 (79 SE 207) (1913). Merely because the issue was to be determined pre-trial, the state is not relieved of its burden to prove that the case falls within the exception. Such, we believe, is the enlightened spirit of "burden-shifting" cases like *State v. Moore,* 237 Ga. 269 (227 SE2d 241) (1976).

4. Finally, we find no merit in the state's contention that the trial court, having held an evidentiary hearing, reached an erroneous factual and legal conclusion. There was evidence, including an audit dated more than two years prior to indictment, showing that agents of the state knew as early as March, 1975, that Dr. Tuzman had overcharged the state for Medicaid work on certain patients. Although every element and incident eventually alleged in the voluminous 41 count indictment was not known at that time, we cannot say the court erred in concluding that on March 28, 1975, the state had sufficient knowledge of the crimes, and their perpetrator, so that the two-year limitation period would begin to run. As to the 30 misdemeanor counts, the April 1, 1977 indictment was untimely, and the grant of the plea in bar as to those counts was proper. The judgment is affirmed.

### Case No. 54375

5. Tuzman did not follow the proper procedure to obtain a review of the denial of his motion to suppress, so this cross appeal is dismissed. *Moore v. State,* 141 Ga. App. 647 (234 SE2d 186) (1977).

*Judgment affirmed in case No. 54374; appeal dismissed in case No. 54375. Quillian, P. J., Webb, McMurray, Shulman, Banke and Birdsong, JJ., concur. Bell, C. J., and Deen, P. J., dissent as to the judgment of affirmance in case No. 54374.*

ARGUED SEPTEMBER 20, 1977 — DECIDED MARCH 10, 1978 — REHEARING DENIED MARCH 31, 1978, IN CASE NO. 54374 — CERT. APPLIED FOR.

*J. Melvin England, Arthur K. Bolton, Attorney General, Joseph H. Briley, District Attorney,* for appellant.
*Dickens, Magum & Burns, G. L. Dickens, Jr.,* for

appellee.

BELL, Chief Judge, dissenting.

The defendant in this criminal case filed a plea in bar asserting that all the misdemeanor counts of the indictment were barred by the two-year statute of limitation. The trial court, after a pre-trial evidentiary hearing, sustained the motion which had the effect of dismissing 30 counts of the indictment.

The statute of limitation in a criminal case is tolled during the period of time that either the offense or offender is unknown to the state. Code § 26-503 (b). The state alleged in the counts affected by the plea in bar that the offense and offender were not known until December 16, 1976. The indictment was returned on April 1, 1977. If this allegation is properly established then the prosecution was not barred. The time within which a criminal prosecution must be instituted is one of the essential elements of the crime and is a fact which must be proved by the state to the satisfaction of a jury beyond reasonable doubt. *Taylor v. State,* 44 Ga. App. 64, 74 (160 SE 667) and *Decker v. State,* 139 Ga. App. 707 (229 SE2d 520). There is no authority for a trial judge to determine this factual issue in a criminal case where a jury trial has not been waived. The trial judge here erred in determining this issue of fact without the intervention of a jury.

This judgment should be reversed.

I am authorized to state that Presiding Judge Deen joins in this dissent.